ELMER H. PERKINS *vs.* CHARLES E. PERKINS.

Suffolk.    December 3, 1901. — May 22, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Trust*, Resulting.    *Frauds, Statute of.*

A bill in equity to compel the defendant to convey certain land to the plaintiff alleged, that the plaintiff and defendant were brothers and that in pursuance of a plan of their mother to divide her property between them she gave certain other land to the defendant and intended to give this land to the plaintiff, that this land was paid for with money raised by a mortgage on other land then standing in the name of the defendant, that the land in question was conveyed to the defendant, the deed being placed in the possession of the plaintiff, and that the defendant accepted the conveyance with the oral agreement made with his mother and the plaintiff, that whenever requested to do so by his mother he should convey the land to the plaintiff, and that in the meantime he should permit the plaintiff to occupy the land free of rent on paying taxes and for repairs on the house and buildings, that under this agreement the plaintiff entered and occupied the premises openly and exclusively and made expenditures and improvements upon the estate with the knowledge of the defendant, that the mother requested the defendant to convey the land to the plaintiff which he refused to do, and, the mother having died, the plaintiff demanded a conveyance of the land from the defendant. On demurrer *held*, that the bill could not be sustained; that the facts alleged did not establish a resulting trust, nor any trust, in favor of the plaintiff, and that there was no such performance on the plaintiff's part as to take the case out of the statute of frauds. *Semble*, that on the facts alleged there might have been no trust in favor of the mother and no consideration for the alleged agreement of the defendant.

BILL IN EQUITY, filed June 3, 1901, to compel the defendant to convey certain real estate in Scituate to the plaintiff.

The case came up on demurrer in the manner described by the court. The amended bill was as follows:

"Respectfully represents Elmer H. Perkins of Scituate, in the County of Plymouth in said Commonwealth, that on the twentieth (20th) day of November, A. D. 1896, his mother, Mary E. Perkins, wife of Isaac Perkins, both formerly of Chelsea in said County of Suffolk, now deceased, actuated by love and affection for him, the said Elmer H. Perkins, purchased of Benjamin F. Dutton of Malden, in the County of Middlesex in said Commonwealth, and Harry F. Dutton of Medford, in said County of Middlesex, a certain piece of real estate located in said Scituate,

a full description of which is contained in the deed, a copy whereof is hereto annexed and marked 'Exhibit A,' for the purpose of giving said real estate to him, the said Elmer H. Perkins. That for the purpose of paying for said real estate located in said Scituate the said Mary E. Perkins received the sum of nine hundred and fifty dollars ($950), which said sum was raised by mortgage upon certain property in Chelsea then standing in the name of one Charles E. Perkins, a son of the said Isaac and Mary E. Perkins, and a brother of your said petitioner; a full description of which said property is contained in the mortgage, a copy whereof is hereto annexed and marked 'Exhibit B.' That said Mary E. Perkins conducted all of the negotiations prior to the raising of said nine hundred and fifty dollars ($950), and the placing of said mortgage. That the grantee named in said deed conveying said property in Scituate, so paid for by said Mary E. Perkins, was the aforesaid Charles E. Perkins; that the purpose of said Mary E. Perkins in having the name of Charles E. Perkins inserted in said deed as the grantee was that your said petitioner, Elmer H. Perkins, might wait a certain length of time before receiving said property. That said deed was given by said Mary E. Perkins to your said petitioner, Elmer H. Perkins, at the time of said conveyance, and has ever since remained in the possession of your said petitioner, Elmer H. Perkins. That the said Mary E. Perkins caused said mortgage to be placed upon said property in Chelsea and bought said property in Scituate in pursuance to a plan which she had formed for dividing all of her property among her children at the time of her death. That the value of said property situated in said Chelsea over and above said mortgage, was, in her opinion, equal to the value of said real estate situated in said Scituate. That she intended to give said property situated in said Chelsea to said Charles E. Perkins as his portion of her said estate, and that she intended to give said property situated in said Scituate to your said petitioner, Elmer H. Perkins, as his portion of her said estate.

" That in pursuance to her plan to divide said estate the said Mary E. Perkins had, on a day precedent to said mortgage, to wit, the twelfth (12th) day of January, A. D. 1892, conveyed said property situated in said Chelsea to said Charles E. Perkins,

as will appear by a deed, a copy whereof is hereto annexed and marked ' Exhibit C ' ; and that in further pursuance to her said plan to divide her said estate, the said Mary E. Perkins, at some time subsequent to said conveyance, viz., on the day of ， ， requested said Charles E. Perkins to convey said property located in said Scituate to your said petitioner, Elmer H. Perkins, in accordance with her design at the time when she negotiated the purchase of said property ; that said Charles E. Perkins then and there refused to convey said property to your said petitioner, Elmer H. Perkins, and has ever since refused to make said conveyance though often requested so to do both by the said Mary E. Perkins, prior to her death, and by your said petitioner, Elmer H. Perkins.

" That the said Mary E. Perkins died on the first (1st) day of January, A. D. 1900 ; that the said Charles E. Perkins accepted said conveyance of said property on the terms and conditions above set forth, and fully understood the intentions and plans of the said Mary E. Perkins.

" That the said Charles E. Perkins accepted said conveyance of said property on the terms and conditions above set forth, and did, at the time when said Mary E. Perkins conveyed said property situated in said Chelsea to said Charles E. Perkins, enter into an oral agreement with said Mary E. Perkins and said Elmer H. Perkins to convey to said Elmer H. Perkins by good and sufficient deed said parcel of land located in said Scituate whenever and at such time as the said Mary E. Perkins should direct said parcel of land located in said Scituate to be conveyed to said Elmer H. Perkins ; and at the said time the said Charles E. Perkins further agreed with the said Mary E. Perkins and the said Elmer H. Perkins, that until such time as said property should be conveyed by the said Charles E. Perkins to the said Elmer H. Perkins, to permit said Elmer H. Perkins to occupy said parcel of land located in said Scituate free of rent, on the condition that the said Elmer H. Perkins should pay any and all taxes due upon said parcel of land located in said Scituate, and should also pay for any and all repairs necessary to be made upon the house and buildings situated upon said parcel of land located in said Scituate.

" And the said Elmer H. Perkins, in pursuance of said agree-

ment, was permitted by the said Charles E. Perkins to enter into possession of the premises conveyed to the said Charles E. Perkins as above described, and the said Elmer H. Perkins has continued in possession of said premises to the date of the filing of this complaint; his possession has been open, visible, notorious and exclusive, peaceful and undisputed by the said Charles E. Perkins, and has been accompanied by expenditures and profitable improvements upon the estate made with the knowledge of the said Charles E. Perkins.

" Wherefore your petitioner prays that an injunction issue from this honorable Court restraining the said Charles E. Perkins from conveying said above described property situated in said Scituate, or from placing any mortgage upon said property. That the said Charles E. Perkins be ordered to execute a deed conveying said property situated in said Scituate to said Elmer H. Perkins, and that the said Charles E. Perkins be ordered to cancel and discharge any mortgage or other incumbrance heretofore placed upon said property by him, the said Charles E. Perkins. And for such other and further relief as to this honorable Court shall seem meet."

Exhibit A was dated November 20, 1896, and acknowledged November 30, 1896. Exhibit B was dated and acknowledged November 25, 1896. Exhibit C was dated and acknowledged January 12, 1892. By the last named deed Mary E. Perkins conveyed to the defendant the lot mortgaged for $950 by Exhibit B and also another lot in Chelsea.

*J. G. Robinson,* for the plaintiff.

*C. E. Hayward,* for the defendant.

MORTON, J. This is a bill in equity to compel the defendant to convey to the plaintiff certain land in Scituate, and to cancel and discharge any mortgage placed thereon by him. There was a demurrer to the bill as originally filed which was sustained and the bill was thereupon amended. There was also a demurrer to the amended bill, and this too was sustained, and the bill was dismissed. The plaintiff appealed. It is this demurrer which is before us and the ground of it is the statute of frauds, that what is relied on is an oral contract for the conveyance of land.

The plaintiff contends that there was a resulting trust in his

favor and that therefore the statute of frauds does not apply. But we see no ground on which such a contention can be sustained. No part of the consideration for the conveyance moved from or was furnished by the plaintiff. The most that can be said is that the defendant orally agreed with the plaintiff and his mother at the time of the conveyance that as part of the plan which the latter had formed for dividing her property amongst her children, of whom the defendant was one, at her death, he would take a deed of the premises and did so with the understanding that he would convey the property to the plaintiff when his mother requested, and that in the meantime the plaintiff should be permitted to occupy on payment of the taxes and repairs, and that the plaintiff entered and took possession and had occupied openly and exclusively and had made expenditures and improvements, but that the defendant had refused to convey the property to the plaintiff when requested by his mother. It is manifest that this falls far short of establishing a resulting trust or any trust in the plaintiff's favor. Indeed it is doubtful whether upon the allegations of the bill there was a trust in the mother's favor or any consideration for the alleged agreement on the part of the defendant. The money, with which the premises in question were paid for, was the proceeds of a mortgage placed by the defendant on property which the mother had conveyed to him several years before as a part of the same plan of division already referred to, and in which, therefore, it would seem she had and could have no interest, by way of resulting trust or otherwise, that furnished or constituted the consideration for the conveyance to the defendant and there is no allegation that the money thus obtained was lent to the mother and used by her in paying for the land in question. *Fitzgerald* v. *Fitzgerald*, 168 Mass. 488. *Campbell* v. *Brown*, 129 Mass. 23. *Whitten* v. *Whitten*, 3 Cush. 191. But if we assume that there was a good and sufficient consideration, and that the agreement was sufficiently definite, we are of opinion that there has been no such part performance as to take it out of the statute and to entitle the plaintiff to a conveyance. The only allegation is that the plaintiff entered and took possession under the agreement and has had possession openly and exclusively and has made expenditures and profitable improve-

ments with the knowledge of the defendant, and has also it may be inferred paid the taxes. This is plainly not sufficient. *Burns* v. *Daggett*, 141 Mass. 368. Indeed the plaintiff does not contend that it was and we only mention it to show that it has not been overlooked.

*Decree affirmed.*