ELLEN M. HOWE & others *vs.* FRANK E. HOWE.

Worcester. September 28, 1908. — October 20, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Trust,* Resulting. *Equity Pleading and Practice,* Memorandum of judge, Parties, Costs. *Frauds, Statute of. Evidence,* Admissions by conduct. *Equity Jurisdiction,* Laches, Estoppel.

A bill in equity by an executrix, seeking to establish a resulting trust in certain real estate in favor of the plaintiff's testator, averred that at the time of the purchase of the real estate in question the entire purchase money was paid by the plaintiff's testator, who thereafter until his death occupied the real estate and received all the rents and profits, that the conveyance was made to one M., who never occupied or used the premises or received any benefit therefrom and who held the title for the benefit of the plaintiff's testator and thereafter at his request conveyed the real estate to one W. H. without consideration, it being understood and agreed between the plaintiff's testator and W. H. that the latter was holding the title for the benefit of the former, and that later, at the request of the plaintiff's testator, W. H. conveyed the premises without consideration to the defendant, the son of the plaintiff's testator, who never occupied the premises or received any income or rent from them but held the legal title for the use and benefit of his father, the plaintiff's testator, as M. and W. H. had done previously. *Held,* that these allegations sufficiently stated a resulting trust.

Where one buys and pays for real estate but the title is conveyed to another, a trust results in favor of him who pays the purchase money, even if he has borrowed the money for the purpose from the grantee.

On an appeal to this court from a decree in equity a memorandum of decision of the judge who made the decree, although filed by the judge voluntarily without the request of either party, stands on the same footing as a report of findings of fact made under R. L. c. 159, § 23, and the decision reported in such a memorandum will not be set aside unless plainly wrong.

Where a resulting trust is created by the payment of the purchase money for real estate, the title to which is taken in the name of another, the trust does not lose its character by the transfer of the title by the trustee to another person who takes with notice of the trust. Such a conveyance, which merely substitutes one trustee for another, requires no consideration to support it.

The statute of frauds does not prevent the establishment of a resulting trust by proving by oral evidence that the purchase money for real estate was paid by a person other than the one in whose name the title was taken. Nor is there anything in the statute of frauds which requires any writing to continue the existence of such a trust when a new trustee is selected to whom the property is conveyed with notice of the trust.

In a suit in equity where it is incumbent on the plaintiff to show that the defendant accepted a certain conveyance of real estate with notice of a resulting trust in favor of the plaintiff's testator, where there is testimony tending to show a recognition of the obligation of the trust on the part of the defendant, which however is to be treated with caution and discrimination on account of the interest of the witnesses, if the defendant is in court and fails to testify personally or to call any witnesses in his behalf, such omission to offer evidence within his reach to control or explain the evidence for the plaintiff on this issue may be regarded as conduct in the nature of an admission which may be given consideration.

If a conveyance of real estate, already subject to a resulting trust, made without consideration to the son of the beneficial owner, creates any presumption that it was made as a gift to the son in token of parental affection, and was not conveyed to him to hold as trustee for his father, the inference is merely one which the law permits to be drawn from unexplained facts, and may be overcome by evidence showing the real situation to be otherwise; and where the son to whom the conveyance is made is of middle age and is in business on his own account, and the beneficial owner also has a wife and other sons, one of them barely of age, the presumption is very weak, even when not rebutted, as in the present case, by evidence tending to show that the son took title with express notice of the trust and for the purpose of holding the property for the benefit of his father.

The beneficiary of a resulting trust in real estate, determinable at his pleasure, who has enjoyed the benefits of the trust during his life without exercising his right to bring the trust to an end, is guilty of no laches in failing to terminate the trust, and the executor of his will is free to bring a suit in equity to establish the trust.

One who received a conveyance of real estate subject to a resulting trust, and after acting for a time as trustee conveyed the real estate to a new trustee to act in his stead, and who afterwards upon the death of the beneficiary became himself one of the beneficiaries of the trust, is in no way estopped from joining as one of the plaintiffs in a suit in equity to establish the resulting trust against the person to whom he conveyed the property as trustee.

On affirming a decree of the Superior Court on appeal, it was ordered that the decree should be modified to include the costs of the appeal to this court and as modified should be affirmed.

RUGG, J.   This is a suit in equity by the widow, who is also the executrix of the will, of Elbridge G. Howe, and the other plaintiffs, who are devisees of interests in the real estate of said

Elbridge against the defendant, who is a son of said Elbridge, seeking to establish a resulting trust in their favor in certain real estate the legal title to which was in the defendant. No appeal was taken from the order overruling the defendant's demurrer, so that no question raised by it is before us. There was a hearing before a judge of the Superior Court, who filed a memorandum of facts found by him and entered a decree establishing the trust, from which the defendant appealed. The defendant presented forty prayers for rulings, all of which were refused, as either immaterial in view of the findings made or unsound in law. A considerable number of these have not been argued, and are treated as waived.

It first is argued that the bill of complaint contains no sufficient allegation of a resulting trust, and hence that the decree is not within the scope of the bill. It is distinctly averred that, at the time of the purchase of the real estate in question, the entire consideration was paid by Elbridge G. Howe, who had always thereafter until his death occupied and received all the rents and profits, and that the conveyance was made to one Mowry, who never occupied or used the premises or received any benefit therefrom, who held the title for the benefit of Elbridge G. Howe, and who thereafter at his request conveyed the estate to Walter H. Howe without consideration, it being understood and agreed between Elbridge G. and Walter H. Howe that the latter was holding the title for the use and benefit of the former, as Mowry had done ; and that later, at the request of Elbridge G. Howe, said Walter H. conveyed the premises without consideration to the defendant, who never occupied or received any of the income or rent from them, but who held the legal title for the use and benefit of his father as said Mowry and Walter H. had done. This is in substance an averment of an initial purchase by the father, who paid the consideration, and subsequent conveyance by Mowry to Walter H. and by him to Frank E. with notice of the circumstances of the original transaction and assent to its terms. These allegations sufficiently state a resulting trust within the well recognized principle of equity jurisprudence, that where one buys and pays for real estate, but the conveyance of the title is to another, a trust results in favor of the one who pays the consideration, which may be enforced in

equity against the grantee named in the deed, who is treated as subject to all the obligations of a trustee. *Lufkin* v. *Jakeman*, 188 Mass. 528. *Skehill* v. *Abbott*, 184 Mass. 145. *Cogswell* v. *Hall*, 185 Mass. 455. Such a trust may be established by parol, and the statute of frauds does not apply to such transactions. *Livermore* v. *Aldrich*, 5 Cush. 431. R. L. c. 147, § 1. Nor is it of any consequence that the consideration paid was not out of funds on hand by the original *cestui que trust* but from the proceeds of money borrowed by him even from the trustee, provided the fact of the loan is clear. *McDonough* v. *O'Niel*, 113 Mass. 92.

It next is argued that there was not sufficient evidence to warrant the finding stated in the memorandum that the money paid as consideration for the deed from Hayward to Mowry, though in large part received from Mowry, was in fact the money of Elbridge G. Howe. The memorandum, although apparently filed voluntarily and without the request of either party, stands on the same footing as a report of findings of fact made under R. L. c. 159, § 23, and will not be set aside unless plainly wrong. *Cohen* v. *Nagle*, 190 Mass. 4. The evidence upon this point, although not as full as might have been desired, cannot be said to be too slender to sustain the finding of the trial judge, who saw the witnesses and heard their oral testimony, and was able better to weigh its effect than an appellate tribunal which can only read its transcript. The real estate in question was a farm, upon which Elbridge G. Howe had been living for many years before the first deed here in question, and on which he continued to reside until his death. A mortgage upon this farm had been foreclosed, and Elbridge G. Howe then sought out one Stockwell, and placed before him the situation and his circumstances, and told him "he had got to raise some money to redeem the place." The bargain for the purchase of the property was made by Stockwell acting solely for and in behalf of Elbridge G. Howe. Stockwell was employed apparently in part because of his familiarity with the value of wood and timber, a substantial amount of which was growing on the estate, and put his own personality and perhaps his responsibility to some extent into the transaction, as he made the sale of some if not all of the standing wood and timber and saw to the

application of the money received from this source to the extent
of $1,000 toward the purchase price of the farm, which was
$3,000.   E. G. Howe stated to Stockwell that he could raise the
balance of $2,000, and this came finally in the form of a draft
from Mowry.   Throughout the negotiations Elbridge G. Howe
acted as if he were principal and not agent for Mowry, and he
was acting with reference to property, which he had before and
was then using as his home.   There was no evidence that Mowry
ever made any claim that the property was his, and on the other
hand there was evidence that he, being a nephew of E. G. Howe,
recognized that he held it as trustee for his uncle, and was at
all times willing to and did finally make such conveyance as his
elder kinsman desired.   This was enough to establish the trust
between Mowry and E. G. Howe.   It is not necessary to discuss
the question of the admissibility of certain letters from Mowry
to E. G. Howe by reason of the statement in the memorandum
that they were not regarded as materially affecting the finding
of the main fact that the purchase money was in fact furnished
by E. G. Howe.

It further is argued that the subsequent conveyances to Wal-
ter H. and Frank E. Howe, successively, were voluntary and
that no trust resulted.   This argument misconceives the meaning
of a voluntary conveyance as applied to this branch of equity.
It is true that the resulting trust arises out of the fact that one
pays the consideration for the purchase, while the grantee merely
takes the naked title.   On account of the improbability of a gift
to a stranger, the law implies that the one who holds the title,
without having paid any value for it, is a trustee for the one
who in fact paid the purchase price.   Such a trust cannot be
implied when the conveyance is voluntary, without the payment
of any purchase price.   *Fitzgerald* v. *Fitzgerald,* 168 Mass. 488.
*Moran* v. *Somes,* 154 Mass. 200.   But this principle has no
application to a case where the original resulting trust is estab-
lished, and the first trustee simply transfers the title, subject to
the trust, to another trustee, who takes with notice.   Such a
conveyance is for the mere purpose of relieving one trustee and
substituting another, and requires no consideration to support it.
The property itself was earlier stamped with the trust and con-
tinues its character in the hands of all, who receive it with no-

tice. This disposes also of the contention based upon *Peirce* v. *Colcord*, 113 Mass. 372, and *Perkins* v. *Perkins*, 181 Mass. 401, 405, and other like cases, that the statute of frauds forbids the maintenance of any action upon such an oral trust. The statute of frauds, as has been pointed out, has no inhibitory effect upon such resulting trust as is here set up. The plaintiffs do not undertake to establish a new trust, springing into being at the time of the conveyances to Walter H. Howe and to the defendant, but assert that the trust originated at the time of the conveyance to Mowry, and that the subsequent conveyances with notice, recognition of and consent to the trust, merely continued the trusteeship in new hands. There is nothing in the statute of frauds, which requires any writing, when a new trustee is selected to administer a pre-existing trust. The only question of difficulty upon this branch of the case is whether the defendant accepted the conveyance to himself with notice of the trust. There was evidence from which this might have been inferred. There were repeated statements to this effect made by E. G. Howe himself. There was testimony tending to show that the defendant had partially if not fully recognized some obligation on his part of a trust nature toward his father and toward some other members of his father's family. This evidence came through interested channels, and is to be treated with caution and discrimination. *Kendall* v. *Mann*, 11 Allen, 15. But there is in the present case the additional significant fact that the defendant, although in court, did not testify himself nor call any witnesses in his behalf. The rule prevails in equity as well as in law that the omission by one party to offer evidence, which may be within his reach, to control or explain evidence given by others, adversely affecting his rights or interests, is a circumstance entitled to consideration. It may be regarded as conduct in the nature of an admission. *McDonough* v. *O'Niel*, 113 Mass. 92. *Whitney* v. *Bayley*, 4 Allen, 173. *Cheney* v. *Gleason*, 125 Mass. 166, 176. *Proctor* v. *Old Colony Railroad*, 154 Mass. 251. It is an attribute of human nature ordinarily to resent an imputation upon one's honor. Extraordinary alertness would be expected to defend against a charge touching one's administration of a trust for the benefit of father and mother. Failure of a party to offer any evidence in such a case gains a corresponding

importance in finally determining on which side lies the weight of credible evidence.

It also is contended that the fact, that the conveyance to the respondent, although without consideration, was to a son of the beneficial owner, rebuts the presumption of a resulting trust, and is presumed to have been made in token of parental affection. *Whitten* v. *Whitten*, 3 Cush. 191. If it be assumed in favor of the defendant that this presumption may be invoked, where the conveyance to the son was not at the time of the original purchase, but after a resulting trust has been found to exist and at the time of transfer of property already stamped with a trust character, it is not in any event an inflexible presumption. It is an inference which the law draws from unexplained facts, and may be overcome by evidence showing the real situation to be different from that, which would be assumed in the absence of any explanation. *Cooley* v. *Cooley*, 172 Mass. 476. *Peterson* v. *Farnum*, 121 Mass. 476. But in a case like that now under consideration, where the son was of middle age and in business on his own account, and where there are also a wife and other sons, one being a minor or barely of age, the presumption is reduced to its most attenuated form. In view of the evidence already referred to tending to show that the defendant took the title with notice of the existence of the trust, the finding of the judge upon this point clearly was not plainly wrong.

It further is urged that Elbridge G. Howe was in his lifetime guilty of laches in not enforcing the trust. But there is no evidence of laches. He was often requested by members of his family or friends to demand a conveyance from the defendant to some one else, but it does not appear that he ever made such a demand. If for any reason he preferred that the trust persist and the defendant continue to hold the title as trustee, he could do this without impairment of his rights. His action was consistent with the existence of a trust, which he was willing to have last during his life. A *cestui que trust*, who avails himself of the proceeds of the fund, of which he is the beneficiary, according to the terms of a trust determinable at his pleasure, cannot be charged with laches because he does not avail himself of his additional right to bring the trust to an end.

Finally, it is contended that the petitioner, Walter H. Howe,

is estopped by the covenants of his quitclaim deed of conveyance to the defendant from claiming any resulting trust in the estate. But his conveyance was a mere transfer of the title, which he held confessedly as trustee, to the defendant to continue to hold as trustee in succession. He is not prevented thereby from setting up an independent and subsequently acquired title to the corpus of the trust. Walter H. Howe has now, by the death of his father, acquired a title, as devisee under his will, to the estate held by the defendant and has a right to join in the enforcement of the trust, in which he now holds a beneficial interest, not possessed by him at the time of his deed. *Stearns* v. *Hendersass,* 9 Cush. 497.

The decree is to be so far modified as to include the costs of this appeal in favor of the plaintiffs, and as modified should be affirmed.

*So ordered.*

The case was submitted on briefs.

*J. W. Sheehan & L. Cutting,* for the defendant.

*A. M. Taft & J. B. Scott,* for the plaintiffs.