BERTHA E. BRADY *vs.* JAMES BRADY.

Hampden.　February 28, 1921. — April 7, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Trust,* Resulting.　*Frauds, Statute of.　Estoppel.*

The mother of three sons died seised only of some household furniture and of an eight ninths undivided interest in certain real estate, the other ninth interest being owned by one of the sons, who was an absentee.　By her will, after specifically bequeathing the furniture and making some pecuniary legacies, she gave the residue of her property to her other two sons, one of whom was named as executor.　In order to settle the estate, pay the legacies, purchase the outstanding one ninth interest and then own the entire title of the real estate in undivided one half shares, the two sons named in the will adopted and carried out the plan of selling the interest of their mother at an executor's sale by license of the Probate Court, the resident son who was not the executor purchasing and receiving conveyance in his own name, then borrowing money by means of a mortgage upon the property, therewith paying the legacies and charges of the mother's estate and purchasing the one ninth interest of the absentee brother. The executor brother, with the acquiescence of the brother who thus took title, stated in his probate accounts and in his deed as executor that he had received the full purchase price from the purchasing brother and had received his distributive share in the estate.　The purchasing brother then refused to recognize the executor brother's right as an individual to a conveyance of a one half interest in the real estate, and, after that brother's death, his widow, individually and as executrix and sole devisee and legatee under his will, brought a suit in equity to have a resulting trust declared in her favor.　Upon the foregoing facts being found by a master, a judge found that what the plaintiff's husband did was legally equivalent to the payment of one half of the consideration for the conveyance, and ruled that a resulting trust arose in favor of the plaintiff's husband.　*Held,* that

(1) The finding and ruling of the judge were right;

(2) The statute of frauds was not applicable;

(3) The recitals in the accounts and deed of the plaintiff's husband as executor did not estop the plaintiff;

(4) Actual payment in cash by the plaintiff's husband was not necessary to the creation of the resulting trust.

BILL IN EQUITY, filed in the Superior Court on July 23, 1919, and afterwards amended, by Bertha E. Brady, both individually as widow, and as executrix of the will of William P. Brady, seeking a decree that the defendant, James Brady, brother of William, held one undivided one half interest in certain real estate in Hol-

yoke subject to a resulting trust in favor of the plaintiff as sole devisee and legatee of her husband.

The suit was referred to a master. Material findings of fact by the master are described in the opinion. The suit was heard upon the pleadings and the master's report by *Callahan*, J., who filed a memorandum containing the following recitals:

"I find and rule that William Brady's conduct at the time of the agreement between him and James and thereafter, including his reliance upon James's promise to convey to him an undivided half interest in the land and his own act in charging himself in his final account with the receipt in full of his legacy, was equivalent to a legal payment to James for the purpose of acquiring an undivided half interest in the land for the benefit of William.

"I find and rule that a trust resulted in favor of William which imposed upon James all the obligations of a trustee holding under a resulting trust.

"I rule that the plaintiff is entitled to enforce this trust in her capacity as an individual.

"The plaintiff is entitled to a decree ordering the defendant to convey to her, in her individual capacity, by good and sufficient quitclaim in [*sic*] the land described in the bill and amendments thereto, subject to the bank mortgage thereon which the plaintiff and the defendant are to assume in equal shares, but upon which the defendant shall assume and pay the interest to September 1, 1920; and further ordering the defendant to pay forthwith the sum of $600.56 in accordance with the findings of the master and the stipulations of the parties; the plaintiff to recover her costs."

A final decree accordingly was entered. The defendant appealed.

The case was submitted on briefs.

*N. P. Avery, A. S. Gaylord & R. L. Davenport,* for the defendant.

*T. J. O'Connor & T. B. O'Donnell,* for the plaintiff.

DE COURCY, J. The master has found the following facts: The defendent, James Brady, and the plaintiff's late husband, William P., were sons of Catherine Brady, late of Holyoke. At the time of her death in 1908 her only property, except household furniture, was an eight ninths interest in a lot of land with buildings thereon, the other one ninth being owned by her son John, an absentee. By her will she specifically bequeathed the furniture,

provided for certain pecuniary legacies, and gave the residue of her estate to William and the defendant, in equal shares. William was appointed executor of the will on December 14, 1908.

It was agreed between the brothers William and James to obtain the money needed for the payment of the legacies and charges of administration, and for the purchase of the one ninth interest of John, in order that the estate might be settled, and each of them should acquire a complete legal title to a one half interest in the real estate. In pursuance of the method adopted by them to carry out this agreement, William obtained a license from the Probate Court to sell the mother's interest in the real estate for $11,000; authority was also obtained by the receiver of the absentee, John, to sell his interest for $1,000; and conveyances were made to James on May 31, 1911. On the same day a mortgage loan for $7,500 was obtained on the property from a savings·bank. With this money James paid the legacies and charges incident to the settlement of the mother's estate, and the purchase price of the interest of John. It was understood that at the appropriate time James should account to William for any portion of the mortgage loan not expended, and should convey to him a one half interest in the real estate. On October 2, 1915, the defendant refused to give William a deed in accordance with the agreement. After the latter's death a like demand was made by his widow, the plaintiff, who admittedly has succeeded to his rights.

The trial judge was warranted in finding that what William did in connection with the conveyance to the defendant was legally equivalent to the payment of one half the consideration. He and the defendant each owned a four ninths interest in this real estate. No money was actually paid or received by either of them when the eight ninths were conveyed to the defendant, in pursuance of the agreement above stated. The purpose and effect of the transaction was to borrow money on the security of the real estate, with which to settle the mother's estate and purchase the interest of the absentee brother. On the facts found by the master the judge was warranted in finding and ruling that a resulting trust arose in favor of William, who in substance paid one half the consideration for the deeds, against the defendant James, who was the grantee named in the deeds. The statute of frauds is not applicable to such implied trusts. Further the

plaintiff is not estopped as against this defendant, by the items in the executor's account charging him with the receipt of the purchase price, $11,000, and of his distributive share in the estate; nor by the similar recital in the executor's deed, which contained no covenants. The defendant himself knowingly participated in this method, which was resorted to by the two brothers to carry out their agreement. Finally, actual payment in cash by William was not necessary in order to create a resulting trust. "The mode, time and form in which the consideration was rendered are immaterial, provided they were in pursuance of the contract of purchase. It is sufficient if that which in fact formed the consideration of the deed moved from the party for whom the trust is claimed to exist, or was furnished in her behalf or upon her credit. The trust results from the purchase and payment of the consideration by or for one party, and the conveyance of the land to another. The receipt of a deed of conveyance founded on such a transaction raises a presumption that it was taken for the benefit of the party supplying the consideration." *Blodgett* v. *Hildreth,* 103 Mass. 484, 487. *Davis* v. *Downer,* 210 Mass. 573. *Bailey* v. *Wood,* 211 Mass. 37, 43. *Fay* v. *Fay,* 5 Dick. 260.

The defences of laches and statute of limitations are disposed of by the findings of the master, and have not been argued. The right of the plaintiff to maintain the bill in her own name is not questioned. See *McDonough* v. *O'Niel,* 113 Mass. 92. No objection is made to the form of the decree, provided the judge was justified in finding and ruling that a resulting trust was established.

*Decree affirmed with costs.*