AGNES COLLINS & others *vs.* MARY C. CURTIN.

Middlesex.    November 10, 1949. — December 8, 1949.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Trust,* Resulting trust, Implied trust. *Real Property,* Straw owner. *Words,* "Straw."

Upon an appeal, with a report of the evidence, from a decreee in a suit in equity directing the defendant to convey to the heirs of her brother certain real estate which had been conveyed to her upon its purchase by her brother with money advanced by her, findings by the judge that the purchase money advanced by the defendant was a loan to her

brother and that it was understood between them that the defendant was to hold the property as a "straw," the brother not wishing at the time of the conveyance to take it in his own name, were held on conflicting evidence not to have been plainly wrong; and the decree was affirmed.

BILL IN EQUITY, filed in the Superior Court with a writ of summons and attachment dated August 26, 1948.

The suit was heard by *Morton*, J.

*P. R. Achin*, for the defendant.

*G. F. Hannigan*, for the plaintiffs.

WILLIAMS, J. This is an appeal from a decree ordering the defendant to convey to the plaintiffs a certain parcel of real estate consisting of a duplex house and land numbered 33 and 35 Alder Street, Dracut. The judge made a voluntary report of material facts stating that they were all the material facts upon which his order for decree was based. The evidence, which is reported, is substantially as follows: The plaintiffs are the widow and children of one William B. Collins. Collins and his family occupied one half of the duplex house, which was owned by the Textile Realty Company. On November 22, 1933, the property was sold at auction, and Collins, purporting to act as agent for his sister, the defendant, bid it in for a price of $425. At the time he was without funds, was in debt, and was working on W. P. A. (Works Progress Administration). He made a down payment of $45 which he had borrowed from one Riley. Having authorized the auctioneer to have the deed made out to the defendant as grantee, he notified her at her home in New York of what had happened. She had no previous knowledge of the prospective sale. Shortly thereafter she came to Dracut, repaid Riley his loan of $45, and also paid to those representing the grantor the balance of $380 remaining due on the purchase price. The property was then conveyed to her by deed dated December 14, 1933, which deed was later recorded for her on March 31, 1934. The Collins family continued to live in their half of the house until Collins's death in 1947. Collins paid the taxes and over a period of years greatly improved the

property. At the time of the present suit it was estimated to be worth $5,000. Collins died on December 11, 1947, leaving the plaintiffs as his only heirs. No assertion of any beneficial interest in the title was made by the defendant until March, 1948, when she wrote to the tenant of the half of the house not occupied by the Collins family demanding that the rent, which up to that time had been paid to Collins and after his death to his widow, be paid to her, the defendant. Thereafter she collected rent from the tenant to the amount of $195. In December, 1948, she demanded rent from Mrs. Collins, the widow of her brother.

The question for decision is whether it was the intention of Collins and his sister at the time the property was purchased that she should take and hold title for his benefit or for her own. It is settled that, when a person pays the purchase price of property and takes title in the name of another, without more, the beneficial interest in the property enures to the person who pays the purchase price, by way of resulting trust. *Howe* v. *Howe*, 199 Mass. 598, 600–601. *Druker* v. *Druker*, 308 Mass. 229, 230. Restatement: Trusts, §§ 440, 448. See *Moat* v. *Moat*, 301 Mass. 469; *MacNeil* v. *MacNeil*, 312 Mass. 183. The judge found that at the time of the sale Collins "was on the WPA and for that reason did not want to take the premises in his own name . . . [that] the deed to the premises was put in the name of the defendant, who, it was understood between the parties, was to hold it as a 'straw' . . . [and] that whatever money was paid to the plaintiff by the defendant was paid as a loan."

We understand the term "straw," as used by the judge, to mean a person who holds a naked title for the benefit of another, see *Sandler* v. *Scullen*, 290 Mass. 106; *Cohen* v. *Simon*, 304 Mass. 375, 377, and are of opinion that the findings of the judge are not plainly wrong. Although the defendant testified that the money advanced by her to complete the purchase of the property was not a loan to her brother, the judge could have found otherwise. See *American Employers' Ins. Co.* v. *Webster*, 322 Mass. 161, 163. A

trust resulted, first in favor of Collins and, after his death, of the plaintiffs as his heirs.

The defendant in her answer pleaded the statute of frauds, but that statute is not a defence to a claim of a resulting trust. *Howe* v. *Howe*, 199 Mass. 598, 601. No evidence was offered by the defendant that any part of the loan to her brother remained unpaid. See Restatement: Trusts, § 448. Although in their bill the plaintiffs ask for an accounting of the rents collected by the defendant, there is no order in the decree for the payment of any money by the defendant. Not having appealed, the plaintiffs are not entitled to a decree more favorable to them. *Greenaway's Case*, 319 Mass. 121, 122. *Decree affirmed with costs.*