FREDERICK M. SHEA *vs.* JOHN VENUTI & another.   January 3, 1964.
Decree affirmed with costs.   Shea's bill in equity against Venuti and his
wife seeks to establish a resulting trust with respect to two lots in Hol-
brook.   A master, whose report was confirmed, found (1) that these lots
were purchased (and a house on one lot improved) with funds furnished
originally by Shea, or from a joint account created with proceeds of
mortgages upon the first lot purchased; (2) that title to each lot was taken
in Mrs. Venuti's name as straw for Shea; and (3) that, until Shea learned
of later mortgages placed by Mrs. Venuti without his consent, he in effect
made the payments upon the original mortgage and various new mortgages
securing notes of Mrs. Venuti.   She did not assume the outstanding mort-
gage on the first lot purchased.   On the subsidiary facts, the master justi-
fiably concluded that Shea and Mrs. Venuti intended that she should have
no beneficial interest in either lot.   A detailed statement of the complicated
mortgage transactions will serve no useful purpose.   The later three mort-
gages (from the proceeds of which Mrs. Venuti alone received benefit)
were arranged by her without Shea's knowledge.   The final decree cor-
rectly ordered that the Venutis convey both lots to Shea and that Mrs.
Venuti account to Shea for the mortgage proceeds received by her in excess
of the aggregate amount paid out by her on the last mortgage.   A re-
sulting trust came into existence when each lot was purchased.   *Checovich*
v. *Checovich,* 339 Mass. 71, 74–75.   *Kennedy* v. *Innis,* 339 Mass. 195, 200.
That Mrs. Venuti was liable on certain mortgage notes we regard as in
effect merely a loan to Shea of her credit.   See *Collins* v. *Curtin,* 325
Mass. 123, 125.   Cf. *Goldman* v. *Finkel,* 341 Mass. 492, 494.   No facts
found (including a permit application and a mechanic's lien statement in
which Mrs. Venuti was referred to as owner of the lots) are sufficient to
rebut the presumption of a resulting trust.   Other issues raised by the
pleadings and dealt with by the master adversely to the Venutis have not
been argued.
   *Bernard S. Kaplan* for the defendants.
   *William F. Dierkes* for the plaintiff.

ISABELLA BOHMAN *vs.* PENTUCKET FIVE CENT SAVINGS BANK.   January
3, 1964.   Decree affirmed.   Exceptions overruled.   After a single justice
refused to issue an order of notice upon a petition to file a bill of review
of a proceeding in the Land Court, a decree was entered dismissing the
petition.   The petitioner appealed and filed a request for a report of "fact,
law, and all upon which" the judge dismissed the petition.   This request
was denied and the petitioner excepted.   In this confused case no error
appears.   The petition on its face presented no question worthy of judicial
consideration.
   *Isabella Bohman,* pro se.
   No argument or brief for the respondent.