WANDA CARON & others *vs.* FREDERICK WALTER WADAS
& another.

Hampden.    April 18, 1973. — January 9, 1974.

Present: ROSE, KEVILLE, & ARMSTRONG, JJ.

*Equity Pleading and Practice,* Appeal.  *Real Property,* Deed: accept-
ance, validity.  *Trust,* Resulting trust.  *Gift.*

It is not open to a party to a proceeding in equity who has not appealed
from a decree to seek a result more favorable to himself in this
court.  [652]
On findings that a woman had acquired real estate, supplying the entire
purchase price herself but taking title in the name of a cousin who had
no knowledge of the transaction, and later, posing with her husband
as the cousin and his wife, had executed a deed of the property in favor
of her son, neither conveyance was effective to pass title to the
purported grantee.  [653-654]
Where a woman had furnished the entire consideration for the purchase
of certain real estate but had taken title in the name of a son living
with her, out of fear that her second husband would inherit the
property, a resulting trust in her favor was created, and upon her
death intestate her interest passed to her heirs.  [654-655]
Where the owner of a savings account added her son's name to the
account as a matter of convenience and not with the intent of making
a gift, the son had no rights in the account as surviving joint owner
upon his mother's death and must pay to her estate the amount
thereof, which he had withdrawn after her death, together with
interest from the date of withdrawal.  [656]

PETITION in equity filed in the Probate Court for the
county of Hampden on July 5, 1968.

The suit was heard by *Smith,* J.

*Savino J. Basile* for Frederick Walter Wadas.

*Samuel W. Ripa (Jacob Richmond* with him) for Wanda
Caron & others.

ROSE, J.    The petitioners are three of the four children
and heirs at law of Felicia Wadas Smyk, who died intestate
on November 22, 1967. They brought this petition in equity

against Frederick W. Wadas, the fourth child, hereinafter referred to as the respondent, and against the decedent's administrator, Stephen S. Soja,[1] seeking an order that the respondent convey to the petitioners, in accordance with their interests as such heirs, undivided interests in two parcels of land in Ludlow, Massachusetts, standing in the respondent's name. The petitioners further prayed that the respondent be ordered to account to them and to the administrator for all rents and other income received from the above-mentioned properties and from accounts in the Ludlow Savings Bank and in the Worcester Federal Savings and Loan Association established by the respondent with money furnished by the decedent.

The Probate Court for Hampden County found and ruled that both parcels of land were held by the respondent upon resulting trusts for the benefit of the decedent's heirs and ordered the respondent to convey an undivided one-quarter interest in each property to each of the three petitioners. The court also found the Ludlow Savings Bank account to be the sole property of the decedent's estate and ordered the respondent to pay over the sum on deposit, $9,078.73, plus interest, to the administrator. The judge did not pass on the petitioners' claim to funds in the Worcester Federal Savings and Loan Association, nor did he refer in his decree to any rents or income from the disputed properties.

The respondent has appealed from the decree of the Probate Court, claiming that he is the sole owner of the properties and of the account in the Ludlow Savings Bank. The petitioners have not appealed, but request in their brief to this court that the decree of the Probate Court be extended to include all monies derived as rent or income from the real estate. However, it is not open to one who has not appealed to seek a decree more favorable to himself.[2]

---

[1] While named as a respondent, the administrator has sought to remain neutral in this suit and by agreement of the parties has taken charge of the real estate and personalty pending a final determination of this suit.

[2] As noted later in this opinion, the evidence in this case has not been reported. We are therefore unable to determine whether the petitioners' claim to rents and income was ever submitted to the court for its consideration.

*Welsch* v. *Palumbo,* 321 Mass. 399, 400 (1947), and cases cited.

The case is before us on a report of material facts, pursuant to G. L. c. 215, § 11. As the evidence has not been reported, the only question presented for our determination is whether the decree entered is supported by the findings of the judge. *Sidlow* v. *Gosselin,* 310 Mass. 395, 397 (1941). *Briggs* v. *Briggs,* 319 Mass. 149, 150 (1946).

The judge found that the decedent, Felicia Wadas Smyk, acquired the first parcel of land at Sewall and Howard Streets in Ludlow in 1939, supplying the entire purchase price herself but taking title in the name of John Dubiel, a cousin. Dubiel never knew of the deed; the decedent used his name out of fear of attachment by a judgment creditor and out of concern over her then husband Walter's alcoholism.

Two years later, in 1941, Felicia took steps to place the property in the name of her son, the respondent, who by then had attained majority but was unmarried and living with his parents. Walter and Felicia, representing themselves to be John Dubiel and his wife, executed a deed which purported to run from Dubiel and his wife to the respondent. The judge found that the respondent was present during these proceedings and was aware of his parents' misrepresentation. The court's conclusion that the title to the property rests in the name of the respondent necessarily implies a subsidiary ruling that the deed to the respondent was effective to pass title.

At the time of the purported conveyance to the respondent, he executed a note and mortgage to the decedent which Felicia kept until her death; the mortgage was never recorded nor were any payments made on the note. The judge found this particular transaction to be "a complete sham and never intended to have the effect of either a note or a mortgage." The judge further found that it was understood by everyone that Felicia was to be the sole beneficial owner of the property and that she did not intend that either Dubiel or the respondent would have a beneficial interest in the property during her lifetime.

On the facts found by the judge, neither of these attempted conveyances was effective to pass title. Dubiel could not have received title from the 1939 transaction since he never knew of the deed to him. It is the rule in Massachusetts that "[t]he recording of a deed without the knowledge or consent of the grantee is not effective to pass title; a deed becomes effective only upon its acceptance by the grantee . . . The acceptance may be actual or it may be implied from the grantee's conduct . . . But there can be acceptance by conduct only if the grantee had knowledge of the conveyance at the time he acted." *Juchno* v. *Toton,* 338 Mass. 309, 311 (1959), and cases cited. Even assuming that title did vest in Dubiel, it could not have been conveyed to the respondent by Felicia and Walter Wadas posing as Mr. and Mrs. Dubiel, since their signatures were forgeries. A deed not signed by the grantor or his attorney cannot pass title. G. L. c. 183, § 3.

Although on the findings of the judge it is clear that the 1939 conveyance was ineffective, this conclusion could not bind Dubiel or his heirs since they are not parties to this suit. Moreover, on the present record there is not only the possibility that the original grantor, the 1929 Realty Corp., retained legal title upon a trust in favor of the decedent, but also the possibility that Felicia by the time of her death had acquired title by adverse possession. The questions raised by Dubiel's lack of knowledge and the Wadases' forgery were not considered by the Probate Court or argued on appeal. Under these circumstances we deem it appropriate to remand the case to the Probate Court for a further hearing in which all necessary parties should be joined as parties respondent to determine the ownership of this land.

The history of the second parcel of property at 167-169 Sewall Street, Ludlow, is less complex. Felicia's first husband died in 1947, and in 1949 she married Albert Smyk, who predeceased her in 1960. In 1953 she bought the second parcel. Although the decedent furnished the entire consideration for the purchase, she took title in the name of the respondent, who was still living at home with her, out of fear that her second husband might otherwise inherit the

property. The judge found, and we agree, that the decedent did not intend to give the respondent a beneficial interest in the property during her lifetime and that a resulting trust therein was created for her benefit.[2]

It is settled that "where one buys and pays for real estate, but the conveyance of the title is to another, a trust results in favor of the one who pays the consideration, which may be enforced in equity against the grantee named in the deed, who is treated as subject to all the obligations of a trustee. . . ." *Howe* v. *Howe,* 199 Mass. 598, 600-601 (1908). *Davis* v. *Downer,* 210 Mass. 573, 575 (1912). *Krasner* v. *Krasner,* 362 Mass. 186, 189 (1972). The doctrine of resulting trusts rests on the presumption that "he who supplies the purchase price intends that the property bought shall inure to his own benefit and not that of another, and that the conveyance is taken in the name of another for some incidental reason." *Quinn* v. *Quinn,* 260 Mass. 494, 501 (1927). *Carroll* v. *Markey,* 321 Mass. 87, 88-89 (1947).

The heirs of a decedent stand in his shoes as the beneficiaries of a resulting trust after his death. "Where the beneficiary of a resulting trust dies intestate his interest passes to his heirs or next of kin in the same way in which the corresponding legal interest would pass." Scott, Trusts (3d ed.) § 407. In this instance it is clear from the judge's findings that Felicia's purchase had the effect of creating a resulting trust in her favor and consequently upon her death her interest passed to her four children as her heirs at law.[3]

---

[2] The respondent has argued that the Statute of Frauds (G. L. c. 203, § 1) bars the establishment of an express trust on the basis of oral statements. The Probate Court, however, found no express trust in the disputed property. Its decree rested instead upon the existence of a resulting trust, which is expressly saved from the operation of the statute. *Saulnier* v. *Saulnier,* 328 Mass. 238, 239 (1952), and cases cited.

[3] The respondent argues that the petitioners furnished no portion of the purchase price of this property and therefore cannot claim as beneficiaries of any resulting trust therein. Since the petitioners are claiming as heirs rather than as beneficiaries, his argument is wholly without merit.

The conclusion of the judge that the funds in the Ludlow Savings Bank, which were withdrawn by the respondent following the death of the decedent, are the property of the decedent's estate was correct. It is clear that Felicia intended no gift when she added the respondent's name to that account. She did so for her convenience only and at no time intended that the respondent should become the surviving joint owner. *Corkum* v. *Salvation Army of Mass. Inc.* 340 Mass. 165, 167-168 (1959), and cases cited.

The decree with respect to the property located at Sewall and Howard Streets is set aside and the question of its ownership is remanded to the Probate Court for a further hearing in conformity with this opinion. The balance of the decree is affirmed with the modification that to the sum of $9,078.73, ordered by the judge to be paid to the administrator of the decedent's estate, there shall be added interest from the date of withdrawal of that sum from the bank by the respondent to the date of its surrender, if any, to the administrator (see note 1), otherwise to the date of the entry of the decree after rescript.

*So ordered.*