CASPER T. DORFMAN, administrator, *vs.* JOAN E. LALLY & another.[1] October 13, 1981. A Probate Court judge found for the plaintiff and im-

---

[1] Michael P. Lally, husband of Joan. Henry J. Blanchard was a co-defendant, but no judgment was entered against him, and no claim of appeal was filed by him.

posed a constructive trust in favor of the estate on certain real and personal property. The defendants appealed.

1. The plaintiff's claim that the appeal is barred by failure to file a notice of appeal within the thirty-day period required by Mass.R.A.P. 4(a), as appearing in 378 Mass. 928 (1979), is without merit. The time period was tolled by a motion for new trial, and the notice of appeal was timely filed after the decision denying that motion. Cf. *Feltch* v. *General Rental Co.*, 383 Mass. 603, 612-613 (1981). Lack of service of the motion on Blanchard was of no consequence to the plaintiff.

2. The plaintiff had standing to bring the action because the judge found that a joint bank account had been established by the decedent in her name and that of the defendant Joan Lally "as a matter of convenience" and that Joan had committed a breach of a fiduciary relationship owed by her to the decedent. *Caron* v. *Wadas*, 1 Mass. App. Ct. 651, 656 (1974).

3. The judge's finding that no gifts had been made by the decedent to Joan was not "clearly erroneous" within the meaning of Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974).

4. The order of the judge that a constructive trust be imposed in favor of the estate on the entire real estate purchased by the Lallys in part with monies of the decedent was inappropriate. No fraud was found by the judge. In the circumstances, the plaintiff acquired an equitable lien upon the property. *Sullivan* v. *Sullivan*, 321 Mass. 156, 158 (1947). The judge who made the order having retired, a new hearing must be held before a different judge who is to determine the dollar amount of the equitable lien by reference to the amount of the decedent's money that went into the acquisition of the property.

The judgment is vacated, and the case is remanded to the Probate Court for the further proceedings required by this opinion, for proceedings to foreclose the plaintiff's lien on the real estate, and for the entry of a new order requiring the return of the personal property in question.

*So ordered.*

*Albrecht Saalfield* for the defendants.
*Casper T. Dorfman,* pro se.