WILLIAM E. CROWELL, JR., administrator, *vs.* PAUL STEFANI & others (and a companion case[1]). November 30, 1981.  1. The question for decision by the trial judge was whether it was the intention of Loris Stefani and his sons at the time of the October 30, 1970, transaction that the sons' attorney should take and hold title to the stock and real estate for the benefit of Loris or for the benefit of his sons.  *Collins* v. *Curtin*, 325 Mass. 123, 125 (1949).  The judge decided this adversely to the defendants, and his conclusion is not "clearly erroneous."  Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974).  There was evidence to support the findings that Loris Stefani and his sons understood: (a) that the sons and their attorney were advancing money or credit to Loris in order to avert foreclosure by the second mortgagee of the property operated by Loris as a summer resort; (b) that title to the shares of stock of a corporation in which Loris was the sole shareholder and to his house would have to be transferred to assure the first mortgagee that performance of the increased mortgage obligations

---

[1] William E. Crowell, Jr., administrator & another *vs.* Charles E. Frazier, Jr.

incurred pursuant to a refinancing would be timely; (c) that Loris was to continue the day-to-day operation of the resort and that it remained his obligation to pay the mortgage out of the moneys of the business; (d) that delinquency in mortgage payments or taxes was to be avoided by sales of portions of the property; (e) that "once the sales were accomplished and the sons reimbursed, the stock and deed were to be returned since the mortgage would then be within reasonably manageable limits," and (f) that Loris acted in accordance with this understanding, managing the business, paying therefrom substantial mortgage and tax obligations and making improvements to the property.

2. The facts as found by the judge establish that the real estate and stock were transferred as part of a refinancing in which the sons and their attorney made an advance of credit to Loris to avoid foreclosure by the second mortgagee, and that it was not intended for the sons to have the beneficial interest in the property. In these circumstances, we hold that a resulting trust arose in favor of Loris Stefani, the transferor.

"It is settled that, when a person pays the purchase price of property and takes title in the name of another, without more, the beneficial interest in the property enures to the person who pays the purchase price, by way of resulting trust." *Collins* v. *Curtin*, 325 Mass. at 125. The reason for this rule is that "[w]hen there are so many possible and legitimate reasons for creating a trust, it is not unnatural to infer from the mere fact of a purchase in the name of another that a trust rather than a gift is intended." 5 Scott, Trusts § 440, at 3310 (3d ed. 1967). Bogert, Trusts and Trustees § 454, especially at 633-634 (2d rev. ed. 1977). This is true even if the purchase price is borrowed from the grantee. *Howe* v. *Howe*, 199 Mass. 598, 601 (1908). *Gerace* v. *Gerace*, 301 Mass. 14, 18 (1938). *Collins* v. *Curtin*, 325 Mass. at 125. *Kennedy* v. *Innis*, 339 Mass. 195, 201 (1959). 5 Scott, Trusts § 448 (3d ed. 1967). Restatement (Second) of Trusts § 448 (1959). The rule is also applicable if the purchase price is obtained through an advance of the grantee's credit if the purchaser agrees with the grantee to make the mortgage payments or to repay the advances. *Davis* v. *Downer*, 210 Mass. 573, 575 (1912). *Gerace* v. *Gerace*, 301 Mass. at 18. *Kennedy* v. *Innis*, 339 Mass. at 201-202. *Shea* v. *Venuti*, 346 Mass. 780 (1964). *Hill* v. *Syrjala*, 377 Mass. 906, 906-907 (1979). *Murphy* v. *McKenzie*, 1 Mass. App. Ct. 553, 555-556 (1973). 5 Scott, Trusts § 456.2. (3d ed. 1967); Restatement (Second) of Trusts § 456 (1959).

We recognize that there was not technically a purchase in 1970, as the second mortgagee was persuaded to delay the foreclosure sale in order to be paid through a refinancing of the first mortgage. Had the conveyance to the sons' attorney been effected in connection with Loris's redeeming the property at a foreclosure sale, a resulting trust in favor of Loris would have arisen. *Howe* v. *Howe*, 199 Mass. at 601. We consider that the character of the transaction whereby Loris sought to secure or "purchase" his equity of redemption is sufficiently similar to apply the same principle

as would be applied in the case of a purchase by Loris at a foreclosure sale. "As one person may purchase land and take title in the name of a third person who will hold the title in trust, so too, a mortgagor may cause a mortgage debt to be paid and by agreement the mortgaged premises may be released . . . to the parties providing the funds, who will hold the title in trust for the benefit of a mortgagor who has become obligated to repay the mortgage debt to the party advancing the funds . . . ." *Bernstein* v. *Blumenthal*, 127 Me. 393, 397 (1928). See 5 Scott, Trusts § 404.1, at 3214 and § 404.2 (3d ed. 1967); Restatement (Second) of Trusts § 404, and introductory note to c. 12 (1959). Cf. *Brady* v. *Brady*, 238 Mass. 302, 304-305 (1921).

Since we decide that a resulting trust was created, we need not consider whether the plaintiffs are also entitled to recover on constructive trust or other theories. See e.g., *Abalan* v. *Abalan*, 329 Mass. 182, 183-184 (1952), where, as here, the Statute of Frauds was not pleaded.

*Judgments affirmed.*

*Harry S. Terkanian* for the defendants.

*Judith Farris Bowman* (*Paul G. Counihan* with her) for William E. Crowell, Jr., & another.