Gershengorn, J.
Plaintiff, Edgar L. Kelley (“plaintiff’ or “Kelley”), commenced this action against defendants on January 21, 1998, claiming declaratory judgment, constructive trust, resulting trust, breach of fiduciary duty, breach of contract, breach of the covenant of good faith and fair dealing, and violation of G.L.c. 93A. Count III of the verified complaint alleges that defendant, Denise M. Fadili (“Denise Fadili”), holds Kelley’s residence at 41 Kelsey Road in Boxford (“the property”) in a resulting trust for the sole benefit of the plaintiff and that Denise Fadili is legally obligated to turn over legal title to the property to the plaintiff or his nominee. The plaintiff now seeks partial summary judgment pursuant to Mass.R.Civ.P. 56(c) as to count III. The defendants oppose this motion and assert that judgment should enter for the defendants. For the reasons set forth below, the Court ALLOWS Kelley’s motion.
BACKGROUND
On May 10, 1994, the Morgan Guaranty Trust Company foreclosed on the property, which the plaintiff owned and has lived on for over thirty years. At the foreclosure auction, the bank purchased the property for $313,583.96. Thereafter, in order to return the property to Kelley, Denise Fadili took legal title to the property in 1995, using her credit to obtain a $200,000.00 mortgage, and Kelley paid the entire $50,000.00 down payment.[2] In addition, the plaintiff was solely responsible for all payments of principal and interest and closing expenses. After repurchasing the property, neither Denise Fadili nor her husband, defendant Adel A. Fadili (“Adel Fadili”), paid the property taxes for the property, the monthly mortgage payments, nor the costs associated with the maintenance of the property.
According to Kelley’s verified complaint, the plaintiff agreed to defer payment of the Fadilis’ legal bills, which they owed Kelley, in exchange for the use of Denise Fadili’s credit to obtain a mortgage and legal title to the property. The defendants allegedly promised to pay the plaintiff for his legal services by March 1997. The Fadilis deny that the parties ever entered such an agreement.
At present, the plaintiff has filed this action in order to obtain the legal title to the property because he believes that Denise Fadili holds the property in trust for the sole use and benefit of Kelley. The Fadilis assert that they did not agree to hold the property for Kelley and that there is no writing to evidence such an arrangement.
DISCUSSION
The Court grants summary judgment “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat the motion. Pederson, 404 Mass. at 17. The opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment. LaLonde v. Eissner, *306 405 Mass. 207, 209 (1989). In the instant case, the plaintiff now moves for summary judgment as to count III of his verified complaint for a resulting trust. After a thorough review of the relevant documents in this case, the Court finds that Denise Fadili holds the property in trust for the sole use and benefit of Kelley.
It is well settled that “when a person pays the purchase price of property and takes title in the name of another, without more, the beneficial interest in the property enures to the person who pays the purchase price, by way of a resulting trust." Collins v. Curtin, 325 Mass. 123, 125 (1949), citing Howe v. Howe, 199 Mass. 598 (1908). Druker v. Druker, 308 Mass. 229, 230 (1941). See Carroll v. Markey, 321 Mass. 87, 88-89 (1947); Restatement (Second) of Trusts §440 (1959). The doctrine of resulting trusts “rests on the presumption that ‘he who supplies the purchase price intends that the properly bought shall inure to his own benefit and not that of another, and that the conveyance is taken in the name of another for some incidental reason.’ ” Caron v. Wadas, 1 Mass.App.Ct. 651, 655 (1974), quoting Quinn v. Quinn, 260 Mass. 494, 501 (1927).
Here, the plaintiff did, indeed, pay the entire down payment for the property. He has made all of the mortgage payments, paid the closing costs, taxes, and maintenance fees for the property. All that Denise Fadili provided was her line of credit to obtain the $200,000.00 mortgage on the property. Similarly, in Murphy v. McKenzie, 1 Mass.App.Ct. 553 (1973), the court found that where the purchase price was furnished in part by the plaintiff and in part by a mortgage given by the defendant to the mortgagee bank, the defendant’s obligation to the bank was, in effect, a loan of credit to the plaintiff, the actual purchaser. Like Kelley, the plaintiff was responsible for expenditures for the acquisition and maintenance of the property. Id. The defendant in Murphy took title on behalf of the plaintiff, and a resulting trust arose in favor of the plaintiff. Id.
In another case, the sons of the owner of real estate (“owner”) and their attorney made an advance of credit to the owner to avoid foreclosure on the real estate by a second mortgagee. Crowell v. Stefani, 12 Mass.App.Ct. 966 (1981). As a result, the title to the real estate had to be transferred to the sons’ attorney. The owner, however, made the mortgage payments. The court held that a resulting trust arose in favor of the owner. Id.
In addressing the rule governing resulting trusts, the court in Crowell stated that the reason for the rule is that “[w]hen there are so many possible and legitimate reasons for creating a trust, it is not unnatural to infer from the mere fact of a purchase in the name of another that a trust rather than a gift is intended." Id., quoting 5 Scott, Trusts §440, at 3310 (3d ed. 1967). In addition, the court stated that “(t]he rule is also applicable if the purchase price is obtained through an advance of the grantee’s credit if the purchaser agrees with the grantee to make the mortgage payments or to repay the advances.” Crowell v. Stefani, supra at 967, citing Davis v. Downer, 210 Mass. 573, 575 (1912); Gerace v. Gerace, 301 Mass. 14, 18 (1938) (other citations omitted). Such is the case here.
The defendants cite to several cases in their memorandum in which the statute of frauds acted as a complete defense to a plaintiffs claim for breach of an oral agreement to convey property to the plaintiff. See Nessralla v. Peck, 403 Mass. 757 (1989); John Alden Transp. Co., Inc. v. Bloom, 11 Mass.App.Ct. 920 (1981); Kennerson v. Nash, 208 Mass. 393 (1911); Holmes v. Winchester, 135 Mass. 299 (1883). They also assert that the statute of frauds precludes any resulting or constructive trust. This statement, however, is incorrect because the statute of frauds is inapplicable to a resulting trust. Hanrihan v. Hanrihan, 342 Mass. 559, 567 (1961); Collins v. Curtin, supra at 126; Davis v. Downer, supraat 575; Howe v. Howe, supra at 601.
In addition, the defendants cite to several cases that they believe stand for the proposition that a down payment by a party, whether in whole or in part, does not legally create a resulting trust. See Kennerson v. Nash, supra; Holmes v. Winchester, supra. See also Druker v. Druker, supra at 229. This proposition is taken out of context, and these cases are not applicable to the case at hand. The facts of these cases are dissimilar to Kelley’s situation. In the instant case, there are no genuine issues of material fact, and the plaintiff is entitled to judgment as a matter of law.
ORDER
It is therefore ORDERED that the plaintiffs motion for summary judgment be ALLOWED.

Although the defendants state in their memorandum that the Fadilis believe that they paid $12,500.00 towards the total $50,000.00 deposit, there is no evidence to prove that this contribution was ever made. In fact, there are several documents in which the defendants admit that Kelley solely paid the $50,000.00 deposit.
In the defendants’ statement of undisputed facts pursuant to Superior Court Rule 9A(b)(5), for example, the defendants state that the plaintiff made the $50,000.00 down payment. Also, in response to the plaintiffs first supplemental request to admit directed to Denise Fadili, defense counsel, Jordan L. Shapiro (“Shapiro”), wrote to plaintiffs counsel, Bret A. Cohen. In this letter, Shapiro stated that Denise Fadili admitted that she did not pay the initial down payment when she acquired legal title to the property.