WILLIAM S. SHURTLEFF, Judge of Probate, *vs.* EDMUND RILE & others.

Hampden. Sept. 23. — Oct. 26, 1885. FIELD, C. ALLEN, & GARDNER, JJ., absent.

A guardian is liable to his ward for the rent of the ward's real estate which he received, or which he might have received by the use of due diligence.

A guardian is liable to his ward for the loss to the ward of the value of his real estate sold, for the non-payment of a tax assessed thereon, more than two years before the ward became of age, the guardian having the means to pay the tax, derived from the rent of the real estate; but the guardian is not so liable to a ward who became of age before the sale.

Two sons and two daughters, after the death of their parents, continued to occupy the house left by their father, forming one family. One son and one daughter were of age, and the others were minors. The elder son, who was appointed guardian of the minors, contributed to the support of the family, but a larger part of the household expenses were paid by the younger son, who was industrious and of good character, out of the wages earned by him, which he was allowed by his guardian to receive and retain. No account was kept of the amounts expended by either of them. The younger daughter did the housework, and the elder daughter was an invalid, unable to work. *Held.* in an action upon the guardian's bond, that he was not guilty of a breach of duty towards his ward in allowing him to receive his wages and to apply them towards the support of the family. *Held, also,* that the younger daughter was not entitled to claim wages for her services over and above what her support was fairly worth.

MORTON, C. J. James Rile died in 1871, leaving a widow and four children, Edmund, Hannah, Margaret, and Dennis. He

left a lot of land and house in Springfield, incumbered by a mortgage. One half of the house was let to tenants, and the other half was continuously occupied by the family until it was sold, as hereinafter stated. The widow died in 1874. In February, 1875, Edmund, the oldest son, was appointed guardian of Margaret and Dennis, and gave the bond upon which this action is brought. Hannah was of age, an invalid, and unable to support herself. Margaret became of age in September, 1877, and Dennis in September, 1880. In December, 1877, the said real estate was sold by the collector of taxes of Springfield, for the non-payment of the tax assessed thereon for the year 1876, amounting to $29.16.

Judgment has been rendered for the penal sum of the bond; and, at the hearing upon the question as to the amount for which execution should issue, the presiding justice reserved for the consideration of the full court several questions, which we will proceed to consider, so far as is necessary to settle the rights of the parties.

1. It is too clear to admit of any doubt, that the guardian is liable both to Margaret and to Dennis for the rents of the half of the house let to tenants which he received, or which he might have received by the use of reasonable diligence. The finding of the auditor and of the presiding justice upon these points is therefore affirmed.

2. We are of opinion that the guardian is liable to Dennis for the loss to him of the value of the real estate sold for taxes. It is the duty of a guardian to use reasonable care and prudence in managing and protecting the estate of his ward. When the estate was sold, and for more than two years thereafter, Dennis was a minor, having no control over his property. It was the duty of his guardian to pay the taxes, and it appears in the case that he had the means of paying them, derived from the rents of the part which was occupied by tenants. He is therefore liable upon his bond for the loss to Dennis caused by this neglect of duty.

3. The question whether he is liable to Margaret for the loss of her share of the real estate is a different one. She became of age in September, 1877. The guardian's power over her estate, and his duty in regard to it, then ceased. She might have paid

the taxes before the sale, or have redeemed the estate within two years after the sale; and it was her duty to do so. It is not just that the sureties on her guardian's bond should be held liable for a loss caused by her neglect.

4. It is contended that the defendants are liable to Dennis for his wages which were devoted to the support of the family, over and above the value of his own support. The facts bearing upon this question are as follows. After the death of the parents, the four children continued to occupy the house, forming one family. Edmund contributed to the support of the family, but a larger part of the household expenses were paid by Dennis out of wages earned by him. No accounts were kept of the amounts expended by either of them. Margaret did the housework, and Hannah was an invalid, unable to work. Dennis was an industrious man, of good character, and his guardian permitted him to receive and retain to his own use the wages earned by him. He voluntarily applied a large portion of his wages to the support of the united family, as before stated. It is not contended that there was any agreement that the guardian should repay Dennis any money paid by him, though it might be more than the fair value of his own support. There seems to have been a mutual arrangement, made without any fraud or imposition, that the family should be kept together, each contributing to its support according to his ability, with the praiseworthy purpose of furnishing to the children a home, with the ties and associations of domestic life. It was not contemplated by either that the guardian was to repay any part of the money advanced by Dennis, and the law will not imply a promise to do so. He can be held, if at all, only upon the ground that it was a breach of his duty, as guardian, to permit Dennis to receive his wages, and to apply them to the purpose to which they were applied. It may be that, under some circumstances, a guardian would be guilty of a breach of duty, if he allowed his ward to receive all his wages or income, and apply them to vicious or improper uses; but here was the case of a ward approaching maturity, competent to understand his rights and to take care of his expenditures, of steady and industrious habits, and earning moderate wages. We think his guardian was not guilty of any breach of his duty towards

the ward when he allowed him to receive his wages, and to apply them towards the support of an invalid sister and maintaining a home for the family. This claim of the plaintiff cannot be allowed.

5. The same considerations dispose of the claim of Margaret, that she is entitled to wages for her services over and above what her support was fairly worth. There was no contract that she should be paid any wages, express or implied; there was no fraud or imposition practised upon her; and her claim cannot be allowed.

6. As the amounts which both wards are entitled to recover do not reach the penal sum of the bond, it is unnecessary to discuss the question whether, if necessary, interest could be added so as to enlarge the liability of the sureties beyond the penal sum.

The result is, that Dennis is entitled to execution for the amount found to be due him as his loss of the real estate, and the amount found due him for the rents; and Margaret is entitled to execution for the amount found to be due her for the rents.                                        *Ordered accordingly.*

*A. Webster*, for the plaintiff.

*C. L. Long*, for one of the defendants.