DOMINICO A. GERACE *vs.* VINCENT GERACE & another.

Middlesex.     April 5, 1938. — June 29, 1938.

Present: LUMMUS, QUA, DOLAN, & COX, JJ.

*Trust*, Resulting. *Contract*, Implied. *Fraud*. *Equity Jurisdiction*, Plaintiff's clean hands.

The mere facts, that a purchaser of real estate, through an arrangement understood by all who participated therein, caused the title to be conveyed to a grantee who, as part of the purchase price, gave to the grantor a note and mortgage, the purchaser promising that grantee to pay the note when it became due, and that the purchaser, to secure cash for the balance of the purchase price, borrowed from one to whom he caused the first grantee to convey the property, did not

preclude the purchaser from establishing that the first grantee took the property on a resulting trust in his favor and that the second grantee also took title subject thereto.

That one who took title to land subject to a resulting trust afterwards contributed money and work to a business conducted thereon did not defeat the trust.

That a purchaser of land while in bankruptcy obtained the purchase price through use of his credit and caused the title to be taken in the name of another because he feared that his creditors might be able to reach the property by some process of law neither precluded him from establishing a resulting trust in his favor nor required a finding that he did not come into court with clean hands.

One who, while holding title to land under a resulting trust, contributed money and work to an enterprise conducted on the land as a "family affair" without agreement between the parties or the keeping of records, so that no account could be stated, was not entitled to recover as a counterclaim in a suit to establish the resulting trust either such contributions or any part of the enhancement of the value of the land due thereto.

BILL IN EQUITY, filed in the Superior Court on August 17, 1936, against Vincent Gerace and Mariangela Gerace, his wife.

The final decree entered by order of *Beaudreau*, J., directed the defendant Vincent Gerace to convey to the plaintiff the land in question upon the plaintiff's paying him $192; that upon delivery of such deed the defendant Vincent Gerace should quit the premises "and forever refrain from taking any part in the conduct or management of the business conducted on said premises," and that "the defendant Agreippina [*sic*] Gerace as wife of the defendant Vincent Gerace shall sign said deed releasing any apparent interests she may as of record appear to have in said premises as the wife of the defendant Vincent Gerace."

The case was submitted on briefs.

*J. P. Donahue*, for the defendants.

*R. J. Lavelle*, for the plaintiff.

COX, J. This is an appeal from a final decree in a suit in equity brought by the plaintiff to require the defendants to convey certain real estate to him, which he alleges was purchased with his own funds and the title to which stands in the name of the male defendant. The defendants' answer sets up a counterclaim, alleging that the male defend-

ant has contributed money and labor to the improvement of the property, "as well as services rendered toward such improvement by his wife, Mariangela Gerace, and minor children," and contains prayers that the plaintiff's debt to the defendants be established and that an accounting be had. No reply to the counterclaim was filed. See Rule 26 of the Superior Court (1932). The case was referred to a master, whose report was confirmed by an interlocutory decree. The evidence not being reported, the master's findings of fact are conclusive unless it appears from the report itself that they are plainly wrong. *MacLeod* v. *Davis*, 290 Mass. 335.

The plaintiff, who is the son of the defendants, purchased a farm for $4,300, of which $800 was to be paid in cash and the balance, $3,500, by a note secured by a mortgage of the premises. The plaintiff borrowed $342 of his father in order to make up the cash payment. It was agreed between the plaintiff and his father that although the property belonged to the plaintiff, yet the title should be placed in the father's name and that the latter would convey the same to the plaintiff upon demand, upon repayment to him of the loan of $342. The reasons for this were that the plaintiff, who was in bankruptcy, had not received his discharge and feared that, if title were taken in his own name, his creditors might be able to reach the property by some process of law; and also that placing the title in the father's name would facilitate the bringing of the latter's family to this country. In carrying out this arrangement, which was oral, and at the plaintiff's suggestion, the property was first conveyed to one Di Casa,* the plaintiff's father-in-law, for the reason that the plaintiff's mother was not in America and could not sign the purchase price mortgage. Di Casa executed the mortgage and note, and at the same time conveyed the real estate to the father, subject to the mortgage. A tea room was erected on the premises, and the plaintiff and his father contributed from

---

* Both the plaintiff and the defendant in their pleadings, and the trial judge in his decree give this name as "DioCaso". The master, and both parties in their briefs before this court give it as "Di Casa". — REPORTER.

their separate earnings to its erection and also to carry on the farm and the tea room. Differences arose between the plaintiff and his father, with the result that this bill was brought.

In the conduct of the farm and the tea room the master finds that the father contributed $524.39 to the "enterprise"; he states that he is satisfied that the father put in further sums, but he is unable "to even guess at the amount." He also finds that the amounts contributed were not used under any specific contract or agreement; that no particular record of them was kept; that there was no agreement as to compensation, or division of the profits and losses, or any other matter relating to the business and the farm, or the income derived from either, but that both parties put their money and efforts into the enterprise, treating it as a family affair for the betterment and advancement of both; that from 1932 to December, 1934, the plaintiff used the money taken in for his own purposes and gave his father money whenever he desired or asked for it; and that from December, 1934, until the disagreement in August, 1936, whenever the father wanted money he took it from the cash register. The report also states that, even though the court should rule as a matter of law that the father is entitled to an accounting of the proceeds of the business, "it is utterly impossible for me to make a finding as to the profits or losses resulting from the operation of the tea room, as the records, if they may be called such, kept by both of the parties, are absolutely worthless as an aid to this end, and therefore I have made no attempt to state the accounts in this report." There is a finding that the building of the tea room enhanced the value of the farm by about $2,000.

The defendants do not contend against the familiar rule that when the money for the purchase of land is paid or furnished by one person, and the deed is taken in the name of another, there is a resulting trust created by implication of law in favor of the former. See *McGowan* v. *McGowan*, 14 Gray, 119, 121; *Bailey* v. *Hemenway*, 147 Mass. 326, 328. They do contend, however, that on this record the

plaintiff did not furnish the entire consideration for the purchase, and that, inasmuch as he is claiming the entire property, his bill should fail. The master finds that of the $800 which was paid in cash the plaintiff had $500 and borrowed from his father the "balance of $300," and also borrowed $42, in addition, for legal expenses. This establishes the fact that it was the plaintiff's money that made the cash payment. *Jackson* v. *Stevens*, 108 Mass. 94, 97, 98. See *Barnard* v. *Jewett*, 97 Mass. 87; *Southwick* v. *Spevak*, 252 Mass. 354, 357. He also finds, as to the note which was signed by Di Casa and secured by a mortgage of the premises and which made up the balance of the purchase price, that it was signed for the convenience of the plaintiff, who assured Di Casa that he would pay the note as and when it became due. This amounted to a loan of credit to the plaintiff. *Davis* v. *Downer*, 210 Mass. 573, 575. *Williams* v. *Commercial Trust Co.* 276 Mass. 508, 516, 517, 518. It follows that, when Di Casa took title, a resulting trust in the land arose in favor of the plaintiff in so far as payment of the purchase price is concerned. The conveyance by Di Casa to the male defendant, who took title with full knowledge of the nature of the transaction, was subject to the trust which was already impressed upon the property. *Howe* v. *Howe*, 199 Mass. 598, 602. *Epstein* v. *Epstein*, 287 Mass. 248, 253. Admittedly the statute of frauds has no application. G. L. (Ter. Ed.) c. 203, § 1. *Howe* v. *Howe*, 199 Mass. 598, 603.

The findings of the master that after the farm was purchased the parties contributed money and effort to the "enterprise," treating it as a family affair, do not rebut the establishment of the trust. Those findings relate to matters after the trust arose and have no relation to the events leading up to and culminating in the purchase of the farm. The case is distinguishable in this respect from *Livermore* v. *Aldrich*, 5 Cush. 431.

The master's findings as to the reason why the plaintiff did not take title in his own name, to the effect that if he did he feared that his creditors might be able to reach the property by some process of law, he being in bankruptcy,

do not require a denial of relief to him. He made no conveyance of property in fraud of creditors which he is seeking to avoid, so that cases like *Verne* v. *Shute*, 232 Mass. 397, *Dunne* v. *Cunningham*, 234 Mass. 332, and *Caines* v. *Sawyer*, 248 Mass. 368, do not apply. If we assume that the plaintiff's purpose was fraudulent as to creditors, nevertheless, where, as here, he can show a *prima facie* right to the establishment of a resulting trust in the property purchased, without developing the alleged fraud in the transaction, the court will not permit the defendants to set up a fraud against third persons as a defence. *Lufkin* v. *Jakeman*, 188 Mass. 528, 531, 532. *Hazleton* v. *Lewis*, 267 Mass. 533, 540. *O'Gasapian* v. *Danielson*, 284 Mass. 27, 34, 35. See *Monahan* v. *Monahan*, 77 Vt. 133, 140. It follows that the plaintiff is entitled to a conveyance of the premises in which the male defendant's wife shall join.

The defendants contend that if a resulting trust is established they are entitled to relief on their counterclaim to the extent of $342 which was borrowed by the plaintiff, and also to one half of the enhanced value of the farm, due to the erection of the tea room. The master found that the male defendant had been paid between $140 and $150, and this payment is properly deductible from the $342. The findings of the master, already recited, as to the contributions of labor and money by both parties to the "enterprise" do not support the defendants' other contentions. There was no agreement, no records were kept, and the parties treated the matter "as a family affair for the betterment and advancement of both." See *Shurtleff* v. *Rile*, 140 Mass. 213, 215; *Livingston* v. *Hammond*, 162 Mass. 375, 377; *Kirchgassner* v. *Rodick*, 170 Mass. 543, 546, 547. The enhancement in value of the property in all the circumstances must be taken to follow as an incident of the ownership. *Powell* v. *Powell*, 260 Mass. 505, 508, 509. *Druker* v. *Druker*, 268 Mass. 334, 341. Furthermore, the master has reported his inability to state an account. From his report, this inability is attributable solely to the absence of evidence upon which to state an account. In this situation, there is nothing we can do about

it.  *McCluskey* v. *Provident Institution for Savings*, 103 Mass. 300, 306.  *Druker* v. *Druker*, 268 Mass. 334, 341.  See *Country Club Soda Co. Inc.* v. *Arbuckle*, 279 Mass. 121, 135.

The decree should provide that, upon payment to the defendant Vincent Gerace by the plaintiff of the sum of $192 within thirty days from the date of entry of final decree, the defendant Vincent Gerace shall forthwith convey to the plaintiff by a good and sufficient quitclaim deed the premises described in the decree, which deed shall contain an assumption by the plaintiff of the mortgage given by "Dio Caso" as a part of the purchase price of the premises described, and an agreement on the part of the plaintiff to pay the note secured by said mortgage.  See *Dennett* v. *Codman*, 158 Mass. 371; *Barrell* v. *Britton*, 258 Mass. 383, 386, 387.

The decree as modified is affirmed with costs.

*Ordered accordingly.*