**NEW RIVER CO. v. UNITED STATES.**

**No. 44760.**

Court of Claims.

Dec. 4, 1939.

George S. Fuller, of Boston, Mass., for the plaintiff.

S. E. Blackham, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, Sp. Assts., to Atty. Gen., on the brief), for defendant.

Before WHALEY, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHITAKER, Judges.

WHITAKER, Judge.

This case is before us on defendant's motion to dismiss. The case made by the petition is substantially as follows:

In 1931 the claimant brought a suit in the United States District Court for the Southern District of West Virginia to recover taxes paid for the years 1918, 1919, 1920, and 1921 in excess of the amount which the plaintiff alleged was due. Subsequently the parties entered into a stipulation, upon the basis of which a judgment was rendered in plaintiff's favor for $110,000. This sum did not include any interest on the overpayment, the plaintiff having waived interest.

This amount was not refunded to the plaintiff because of the fact that the Commissioner of Internal Revenue was asserting against it an additional tax liability for the years 1927 and 1928.

On May 28, 1935, it was finally determined that the plaintiff was due additional taxes for those years in the amount of $65,057.29. To this amount interest was added from the date the taxes were due to the date of the additional assessment, amounting to $26,571.16, making a total assessment of $91,628.45. This amount was offset against the $110,000 overpayment for 1918, plus interest thereon which had accrued since the entry of the judgment on January 7, 1933. This left a balance due the claimant of $30,046.76.

However, because at that time the Commissioner was asserting an additional tax liability against the claimant for the years 1929 to 1932, both inclusive, this $30,046.76 was not refunded, but, after the final determination of the plaintiff's tax liability for these years, this amount of $30,046.76 was offset against it. This left no amount due the plaintiff.

The motion to dismiss is based on the grounds: first, that the petition does not state a cause of action; second, that the plaintiff had pending in the District Court for the District of Columbia at the time this suit was filed a suit for mandamus against the Secretary of the Treasury and others to require that the $110,000 overpayment involved in this suit be offset against plaintiff's tax liability for subsequent years in the manner required by law, and that at the time the motion to dismiss was filed this suit was pending in the Supreme Court on petition for certiorari; and, third, that this Court has no jurisdiction of plaintiff's suit.

In our view of the case it is necessary to consider only the first ground.

The defendant insists that the Commissioner acted in strict accordance with Sections 292, 614, and 322 of the Revenue Act of 1928, 26 U.S.C.A. §§ 292, 1671, 322. This the plaintiff does not deny, but says that Sections 292 and 322 were not intended to apply to a case where there had been a determination of an overpayment of tax in a prior year at the time of the assessment of a deficiency for a subsequent year and this overpayment had not been refunded.

Plaintiff says specifically that interest should not have been included in the assessment of the deficiencies for the years 1927, 1928, and 1929, and only in part for 1930, because at all times the Commissioner had in hand enough of plaintiff's funds to pay the interest and all of the additional tax liability for 1927, 1928, and 1929, and a portion of the additional tax liability for the year 1930.

It seems to us there is no merit in plaintiff's contention since Congress had provided for the payment of interest on both deficiencies and overpayments, and at the same rate. Section 292 of the Revenue Act of 1928 provides for the assessment of interest on a deficiency at six percent from the

date the tax was due to the date of assessment. Section 614 of that Act provides for interest on an overpayment of tax at the rate of six percent from the time of the overpayment to the date of its refund, or credit against some other tax. Had the plaintiff not waived what it was entitled to under Section 614, the present alleged inequity would not have arisen; the credit to plaintiff of interest on the overpayment would have offset the assessment of interest on the deficiency. Interest was not computed on the overpayment from the date thereof only because plaintiff had waived it. If now interest were not computed on the deficiency this would nullify the effect of plaintiff's waiver.

It seems clear to us that Congress intended that interest be computed on a deficiency although a taxpayer had overpaid his taxes in a previous year, because provision was made for interest on both.

This view in no way conflicts with the opinion of the Supreme Court in American Propeller & Mfg. Company v. United States, 300 U.S. 475, 57 S.Ct. 521, 81 L.Ed. 751, or with any fair inference that can be drawn from it, nor with the other cases cited by plaintiff. In the American Propeller case plaintiff's demand against the Government did not bear interest; in this case it did, until plaintiff waived it.

The gist of our decision in Standard Oil Company v. United States; 5 F.Supp. 976, 987, 7 F.Supp. 301, 78 Ct.Cl. 714, was that the intent of Congress in the enactment of the applicable sections of the Revenue Act of 1926 "was to require a mutual set-off of overpayments and deficiencies and to prevent the allowance of interest to the taxpayer for a period during which he was indebted to the government." The inference from that decision, of course, is that it was not intended, on the other hand, to allow the Government interest when it was indebted to the taxpayer. But, as we have seen, Congress in the 1928 Act took pains to prevent both situations from arising by allowing interest on both overpayments and deficiencies from the date of the accrual of the liability to the date of its discharge.

For the reasons stated, we are of opinion that defendant's motion to dismiss must be granted and the petition dismissed, and it is so ordered.