Harvey M. ROSS

v.

UNITED STATES of America.

Civ. A. 56–11.

United States District Court
D. Massachusetts.

Jan. 31, 1957.

Vincent R. Brogna, Boston, Mass., for plaintiff.

Anthony Julian, U. S. Atty., Boston, Mass., John J. Sexton, Dept. of Justice, Washington, D. C., for defendant.

FORD, District Judge.

Plaintiff brings this action to recover an alleged overpayment of income taxes for the year 1944, resulting from the payment of a deficiency assessed by the Commissioner on the ground that the short-term capital gain from the sale of certain real estate was properly includable in taxpayer's gross income for that year.

During 1944 plaintiff was serving in the armed forces in Europe. He had given his father, Frank Ross, a power of attorney and control of his bank account. In May of 1944 the father purchased a one-third interest in certain real estate for the sum of $2,666.66. Of this amount $416.66 was taken from the son's bank account and the rest supplied from the father's own funds. Legal title was taken in the father's name. The property was sold in August 1944 at a profit. The father received one third of the sale price from which he recouped his own advances, placing the balance in the son's account. On his return from Europe in 1945 the son acquiesced in what his father had done, and reported the profit on the transaction in his income tax return for 1944.

The Commissioner determined that the profit in question was not the son's but the father's. On November 5, 1948, the Commissioner determined that there had been an over-assessment of $2,795.89 on the son's 1944 tax return due to his inclusion of the gain on the real estate transaction. After adjustments on certain other items, a net refund of $415.-82 was paid to the son. The son had made no claim for this refund, nor did he sign the Form 873 "Acceptance of Proposed Over-assessment" sent to him in 1948 by the Treasury Department.

Meanwhile the Commissioner assessed a deficiency against the father on the ground that the gain in question should have been included in the father's gross income. The father paid the assessment and brought suit to recover. Judgment in this action was in favor of the father. Ross v. United States, D.C., 122 F.Supp. 642. The Court held that in the real estate transaction the father acted as agent for the son, that the funds advanced by the father were intended as a loan, that under Massachusetts law the transaction created a resulting trust in favor of the son, and that the profit on the transaction was income taxable to the son and only to him. The appeal taken in the case was dismissed by the United States on November 12, 1954.

Thereafter in 1955 the Commissioner made a further assessment against the son, based on the inclusion of the gain

on the real estate transaction in his 1944 income. The son, plaintiff here, paid this assessment in the amount of $3,036.33 and later paid interest thereon in the amount of $1,865.56. Claim for refund was duly made, no action was taken thereon within six months, and plaintiff now sues to recover these payments.

The period within which under the statute of limitations an assessment against plaintiff on his 1944 income tax could be made, as extended by waiver signed by plaintiff, expired on June 30, 1950. Plaintiff makes no contention that the gain in question should not have been included in his 1944 income, as he originally reported it, but objects to the 1955 assessment solely on the ground that it was barred by the statute of limitations. The government's contention is that this is a situation in which under the provisions of 26 U.S.C.A. § 3801(b) the assessment is not barred by the statute of limitations.

In order for § 3801(b) to be applicable here, the Rosses, father and son, must be related taxpayers, i. e. during the pertinent taxable year 1944, they must have stood in one of the relationships enumerated in 26 U.S.C.A. § 3801 (a) (3). The United States claims the existence of one of these relationships, that of fiduciary and beneficiary. As was found by Judge Wyzanski in the father's action, Ross v. United States, supra, when the father took title in his own name in 1944 to an interest in land paid for with the son's money, a resulting trust arose under Massachusetts law. Gerace v. Gerace, 301 Mass. 14, 16 N.E. 2d 6, 117 A.L.R. 1459. Plaintiff contends that the term "resulting trust" describes a situation which involves no true fiduciary relationship between the parties. It is true that a resulting trust differs from an express trust in the manner in which it arises, since the latter springs from an affirmative intention manifested by the settlor to create a trust, while the former is implied by law from circumstances indicating the absence of an intention to give the beneficial interest to the person in whom legal title to the

property is vested. Scott on Trusts (Second Edition, 1956) § 404.1. Moreover, the trustee of a resulting trust may ordinarily have only the duty of conveying the property to the beneficiary. Nevertheless, a true trust arises. "A resulting trust, however, involves a fiduciary relation between the trustee and the beneficiary, although the relation may not be as intense as in the case of an express trust." Scott on Trusts, § 409. "The trustee of a resulting trust, like the trustee of an express trust, is in a fiduciary relation to the beneficiary." Restatement of Trusts, Chapter 12, Topic 1, Introductory Note, page 1249. Hence, in their relationship as trustee and beneficiary of a resulting trust, the father and son here stood in the relationship of fiduciary and beneficiary. This is not, of course, inconsistent with the existence of other relationships between them. Thus the father in taking the son's money and using it to buy real estate may have been acting as an agent of his son. As to the father's money advanced toward the purchase price, a debtor-creditor relationship may have been created. These do not preclude the existence of a trust relationship as to the real estate once it had been acquired.

So far as pertinent to the present case, § 3801(b) (3) provides:

"(b) Circumstances of adjustment. When a determination under the income tax laws—

\* \* \* \* \*

"(3) Requires the exclusion from gross income of an item with respect to which tax was paid and which was erroneously excluded or omitted \* \* \* from the gross income of a related taxpayer;

\* \* \* \* \*

and, on the date the determination becomes final, correction of the effect of the error is prevented by the operation (whether before, on, or after May 28, 1938) of any provision of the internal-revenue laws other than this section and other than section 3761 (relating to compromises), then the effect of the er-

ror shall be corrected by an adjustment made under this section. Except in cases described in paragraphs (6) and (7), such adjustment shall be made only if there is adopted in the determination a position maintained \* \* \* by the taxpayer with respect to whom the determination is made (in case the amount of the adjustment would be assessed and collected in the same manner as a deficiency under subsection (c) ), which position is inconsistent with the erroneous inclusion, exclusion, omission, allowance, disallowance, recognition, or nonrecognition, as the case may be. In case the amount of the adjustment would be assessed and collected in the same manner as a deficiency, the adjustment shall not be made with respect to a related taxpayer unless he stands in such relationship to the taxpayer at the time the latter first maintains the inconsistent position in a return \* \* \* for the taxable year with respect to which the determination is made \* \* \*."

Here there has been the required determination, the judgment in Ross v. United States, supra, becoming final on withdrawal of the appeal of the United States. This determination required the exclusion from the father's gross income of an item (the gain on the real estate transaction) on which the tax had been paid and which had been erroneously excluded from the gross income of a related taxpayer, the son. When the determination became final, the statute of limitations prevented correction of the effect of this error. The determination adopted a position (that the gain in question was income to the son, not the father) maintained by the taxpayer with respect to whom the determination was made (the father) and inconsistent with the erroneous exclusion of the gain from the son's income. The position was first maintained by the father in his 1944 tax return filed on March 14, 1945. At that time the fiduciary relationship between father and son still existed, since it was not terminated until August 1945 when the son returned to the United States and acquiesced in his father's accounting of the transaction. The circumstances here fully meet the requirements of § 3801(b) (3) and therefore the adjustment of plaintiff's taxes was properly made, even though the assessment would otherwise have been barred by the statute of limitations. Burton v. Commissioner, 1 T.C. 1198, 1203.

██ Plaintiff further contends that in any event he should recover the item of interest which he paid as part of the 1955 assessment, on the ground that § 3801 (d) in prescribing the method of computing the amount of an adjustment to be made under the section says nothing about interest. However, § 3801(c) prescribes that the adjustment computed as provided in subsection (d) is to be assessed and collected in the same manner as if it were a deficiency determined by the Commissioner. In the case of such a deficiency there would be assessed and collected interest on the deficiency from the date when the payment should have been made, in addition to the amount of the deficiency itself. 26 U.S.C.A. § 292.

██ Plaintiff argues that it is inequitable for the government to collect interest from him since he originally paid the tax and the government through its own mistake refunded his money. However, § 292 makes no exception from its requirement that interest be paid on all deficiencies from the date when the tax should have been paid. This interest is not a penalty imposed on the taxpayer but compensation for the use of the money. United States v. Goldstein, 1 Cir., 189 F.2d 752, 755. Even though taxpayer here did not request the refund made to him, and the situation is entirely due to an error on the part of the government, taxpayer and not the government has had the use of the money during the period involved and it is not unjustly penalizing taxpayer to require him to pay compensation for this use of the money.

Judgment will be entered for the defendant.