**P. LORILLARD COMPANY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

United States District Court
S. D. New York.

Feb. 18, 1964.

Wesley N. Fach, New York City, for plaintiff; Perkins, Daniels, McCormack & Collins, New York City, of counsel.

Robert M. Morgenthau, U. S. Atty., Southern Dist. of New York, for defendant; Clarence M. Dunnaville, Jr., Asst. U. S. Atty., of counsel.

RICHARD H. LEVET, District Judge.

The plaintiff-taxpayer, P. Lorillard Company, seeks by this tax refund action to recover $1,932.20 assessed by the Commissioner as interest on an income tax deficiency of the taxpayer for the calendar year 1958. Lorillard paid all the interest assessed and preserved its right to recover the amount by the timely filing of a claim for refund. Both the plaintiff and defendant move for summary judgment.

The facts are not in dispute. Lorillard's income tax return for the calendar year 1958 was due March 16, 1959. On that date plaintiff filed an "Application for Automatic Extension of Time to File U. S. Corporation Income Tax Return" on Treasury Form 7004, thereby seeking to obtain an extension of three months in order to file its final income tax return and electing to pay its taxes for the calendar year 1958 in installments.

Form 7004 disclosed:

| Tentative amount of tax for the taxable year— | $29,233,000.00 |
|---|---|
| Less: Payment made on Declaration of Estimated Tax— | 5,110,000.00 |
| Balance Due | 24,123,000.00 |
| Amount of Remittance— | $15,450,000.00 |

On June 15, 1959, Lorillard filed its final income tax return for the year 1958, disclosing a correct tax liability of $29,361,813.02, or $128,813.02 in excess of the amount of tax liability shown on Form 7004. A remittance of $8,801,803 accompanied the final return which, when added to the prior remittance, fully paid Lorillard's tax liability for the year 1958.

The District Director assessed interest at the rate of 6% on the $128,813.02 difference from the original due date of the return, March 16, 1959, to the date of payment, June 15, 1959. That amount, $1,932.20, is the subject of this refund action.

In order to intelligently frame the issue in this case, it is necessary to sketch, briefly and in very general terms, the statutory requirements for the filing and paying of corporate income tax. In 1958, the year here in question, Section 6072[1] required a corporation, such as Lorillard, paying tax on the calendar year basis, to file its return by March 15, 1959.[2] However, Section 6081(b) provided an automatic extension of three months to any corporation if:

"* * * in such manner and at such time as the Secretary or his delegate may by regulations prescribe, there is filed on behalf of such corporation the form prescribed by the Secretary or his delegate, and if such corporation pays, on or before the date prescribed for payment of the tax, the amount properly estimated as its tax or the first installment thereof required under section 6152; * * *"

Form 7004 was the form prescribed by Treas.Reg. § 1.6081–3(a) (1959) and upon its timely filing, the three-month extension was automatically granted.

In addition, a corporation was granted the privilege by Section 6152(a) (1) (B) of electing to pay its tax in "two equal installments." By subsection (b) (2), "the first installment shall be paid on the date prescribed for the payment of the tax, and the second installment shall be paid on or before 3 months after such date." By Treas.Reg. § 1.6152–1(2) (ii) a corporation was deemed to have made an election to pay its tax in installments if:

"It files an application on Form 7004 for an automatic extension of time to file its income tax return, as provided in § 1.6081–3, and pays 50 percent of the unpaid amount of the tax at such time."

Section 6601, relating to the assessment of interest, as well as Treas.Reg. § 301.6601–1(c) (2) (ii) provide that when tax is elected to be paid in installments, interest will run on "any tax not shown on the return from the last date prescribed for payment of the first installment."

Both Treas.Reg. § 1.6081–3 and § 1.-6152–1 as well as Form 7004 expressly provided that the installment privilege is limited to the amount of tax shown on the Form 7004. Form 7004 went on to provide:

"Therefore, any portion of the tax not shown on this form will bear interest at the rate of 6 percent per annum from the original due date of

---

1. All statutory references are to sections of the Internal Revenue Code of 1954, 26 U.S.C., unless otherwise indicated.

2. Since in 1959 March 15th fell on a Sunday, Section 7503 permitted the filing on March 16th.

the corporate return to the date of payment." [3]

It is the imposition of interest under these provisions that is challenged in this action.

## I.

The Commissioner's actions in this case find full support in the Regulations. Lorillard's challenge, however, is to the validity of the Regulations.

Form 7004, in the statutory framework, performed two functions. Under the authority vested in the Commissioner in Section 6081(b), Form 7004 was to be completed to obtain the automatic three-month extension to file a final return. It was also the method used by a corporation to elect to pay its tax in installments under Section 6152. Both Treas.Reg. § 1.6081-3 and § 1.6152-1 provided that the installment privilege was limited to the amount of tax shown on Form 7004. Phrased differently, these regulations provide that all tax not shown on Form 7004 was due and owing in this case on March 16, 1959. Any amount not shown bears interest from that date. The issue then is whether the assessment of interest under these conditions finds statutory authority.

The starting point is Section 6601 which, in this factual context, governs the assessment of interest. The general rule as expressed in subsection (a) imposes interest "if any amount of tax * * * is not paid on or before the last date prescribed for payment * * *." Where the tax is sought to be paid in installments, "the last date prescribed for payment of the first installment shall be deemed the last date prescribed for payment of any portion of the tax not shown on the return." Subsection (c) (2) (B). The applicable Reg-

ulation, Treas.Reg. § 301.6601-1(c) (2) (ii), goes on to provide that "interest will run on any tax not shown on the return from the last date prescribed for payment of the first installment."

Lorillard's challenge is based on the premise that Form 7004 is not a "return" within the meaning of Section 6601. However, an analysis of the administrative history of Form 7004 fully supports the Commissioner in equating it with the statutory word "return."

Section 6081(b), granting an automatic extension of three months to corporations, had no counterpart in prior Codes. However, even before the enactment of this statutory provision a similar extension could be achieved by administrative action. Thus, under the Revenue Act of 1924, Mimeo. 3361, 1925-2 Cum.Bull. 69-70, an extension was granted to corporations, conditioned, however, upon the filing of a tentative return and the payment of one-fourth of the estimated tax on or before the date prescribed for filing the return. The "tentative return" was defined as a return on the appropriate income tax form, omitting the schedules, but showing the estimated amount of the tax. In 1947, Mimeo. 6157, 1947-2 Cum.Bull. 64 reaffirmed this practice.

By Rev.Rul. 22, 1953-1 Cum.Bull. 84, the practice of tentative returns was abolished and a corporation was authorized to file a "Statement in Lieu of Tentative Return of U. S. Corporation Income Tax." In Rev.Rul. 54-86, 1954-1 Cum.Bull. 79, which superseded Rev.Rul. 22, supra, the Commissioner combined in one form, designated Form 7004, the application for extension of time and the "Statement in Lieu of a Tentative Return." Rev.Rul. 54-86 was made appli-

3. The portion quoted in the text was added to Form 7004 in February, 1959, at the time Treas.Reg. § 1.6081-3 and § 1.6152-1 were approved. See Treas. Dec. 6364 (Feb. 12, 1959). Prior to the promulgation of the amended Form and the Regulations, the instructions on Form 7004 provided: "Interest at the rate of 6 percent per annum will be due on any

amount by which the correct first installment exceeds the estimated installment." In view of the language of Section 6601 (c) (2) (B), the Commissioner was correct in amending the Form to provide interest on the entire amount not shown, rather than simply on the difference between the reported and correct first installment.

cable to the 1954 Code by Treas.Dec. 6118, 1955–1 Cum.Bull. 698. Clearly, Form 7004 is a substitute for the tentative return previously required.

■■ In view of this administrative history it is entirely within the power of the Commissioner to equate the statutory term "return" with Form 7004 and to provide in Treas.Reg. § 1.6081–3 and § 1.6152–1 that the installment privilege is limited to the amount shown on Form 7004 and to assess interest on any amount not so shown. This is especially true when the Commissioner's actions are tested against the standard that "Treasury regulations must be sustained unless unreasonable and plainly inconsistent with the revenue statutes and that they constitute contemporaneous constructions by those charged with administration of these statutes which should not be overruled except for weighty reasons." Commissioner v. South Texas Lumber Co., 333 U.S. 496, 501, 68 S.Ct. 695, 698, 699, 92 L.Ed. 831 (1948). See also, Fawcus Machine Co. v. United States, 282 U.S. 375, 51 S.Ct. 144, 75 L.Ed. 397 (1931).

## II.

The only remaining question is whether the money was paid on the date prescribed by Section 6601 so as to prevent the running of interest. It seems clear that under Section 6601(c) (2) (B) the $128,813 not shown on Form 7004 was due on March 16, 1959, making Lorillard's tax liability on that day $12,190,-313 (½ of $24,123,000 plus $128,813). Its remittance on that day was $15,450,-000, or a little over 3 million dollars in excess of the amount the statute required. Does this deliberate, voluntary overpayment prevent the running of interest?

■■ The starting point is the salutory principle, long established in the tax law, that interest is not a penalty but, rather, is intended to compensate the government for the delay in payment of the tax. United States v. Childs, 266 U.S. 304, 45 S.Ct. 110, 69 L.Ed. 299 (1924); United States v. Goldstein, 189 F.2d 752 (1st Cir. 1951); Ross v. United States, 148 F.Supp. 330 (D.Mass.1957). However, the mere fact that the government had in its hand sufficient monies to pay the amount statutorily due is not in itself determinative. See, e. g., Babcock & Wilcox Co. v. Pedrick, 212 F.2d 645 (2d Cir. 1954) cert. denied 348 U.S. 936, 75 S.Ct. 355, 99 L.Ed. 733 (1955); New River Co. v. United States, 90 Ct.Cl. 137, 30 F.Supp. 239 (1939).

■ Quite obviously, a taxpayer may transfer money to tax collecting authorities for a number of reasons other than the satisfaction of a clearly defined tax liability and not every transfer of money by a taxpayer to a federal tax authority will constitute a payment under the Internal Revenue Code. Cf. Rosenman v. United States, 323 U.S. 658, 65 S.Ct. 536, 89 L.Ed. 535 (1945). Lorillard's March 16th remittance was in effect "merely a voluntary payment by the taxpayer made purely for his own convenience." Roles v. Earle, 195 F.2d 346, 349 (9 Cir. 1952), cert. denied 344 U.S. 819, 73 S.Ct. 14, 97 L.Ed. 637 (1952). Presumptively, neither Lorillard nor the Commissioner knew that the amount of tax shown on Form 7004 was, in fact, less than the amount ultimately due, although perhaps Lorillard had some indication. On March 16, 1959, "the taxpayer did not discharge what he deemed a liability nor pay one that was asserted. There was merely an interim arrangement to cover whatever contingencies the future might define." Rosenman, supra, 323 U.S. at 662, 65 S.Ct. at 538, 89 L.Ed. 535 (1945). Cf. Lewyt Corp. v. Commissioner, 215 F.2d 518 (2d Cir. 1954), modified on other grounds, 349 U.S. 237, 75 S.Ct. 736, 99 L.Ed. 1029 (1955).

Lorillard's actions on March 16 "at best [left] the Collector with an ambiguous situation on his hands." Lewyt, supra, 215 F.2d at 522. Unaware of the additional tax not shown on Form 7004, the Commissioner unquestionably assumed that the excess was a voluntary payment of the remaining tax shown on Form 7004. To hold that the additional $128,813 was paid on March 16, when

Lorillard did not disclose, and the Commissioner was unaware of the liability, is to create a palpably artificial situation. While Lorillard paid more than was required of it on March 16, 1959, nevertheless the amount upon which interest was assessed was not paid until June 15, 1959.

The $128,813 not shown on Form 7004 was due on March 16, 1959. It was not paid until June 15, 1959. The interest was properly assessed.

The defendant's motion for summary judgment is granted with costs and the plaintiff's motion is denied.

Settle judgment on notice.