**HAYDEN PUBLISHING COMPANY, Inc.**
v.
**The UNITED STATES.**
No. 391-61.

United States Court of Claims.
Feb. 19, 1965.

Edmund C. Grainger, Jr., New York City, for plaintiff. O'Brien, Driscoll & Raftery, New York City, of counsel.

Philip I. Brennan, Washington, D. C., with whom was Asst. Atty. Gen. Louis F. Oberdorfer, for defendant. Benjamin H. Pester, C. Moxley Featherston, Lyle M. Turner, and Philip R. Miller, Washington, D. C., were on the briefs.

Before COWEN, Chief Judge, LARAMORE, DURFEE, and DAVIS, Judges, and WHITAKER, Senior Judge.

WHITAKER, Senior Judge.

This is a corporate taxpayer's action to recover one-half of the interest assessed by the Commissioner of Internal Revenue in connection with its corporate income tax return for its fiscal year ending August 31, 1958.

On or about November 12, 1958, the plaintiff filed with the District Director of Internal Revenue Service, Form 7004, "Application for Automatic Extension of Time to File U. S. Corporation Income Tax Return," requesting an extension of three months for filing its completed income tax return, normally due on November 15. The reason advanced by the plaintiff for applying for an extension was stated on the application to be that "Taxpayer is unable to gather sufficient data to file a complete and accurate return by time return is due, and many provisions of new tax law require further study." The plaintiff, on the same form, estimated its tax for the taxable year September 1, 1957, to August 31, 1958, to be "None," and, accordingly, reported as balance due "None," and as amount of remittance "None."

On February 15, 1959, the plaintiff mailed to the District Director for filing, Treasury Form 1120, the normal corporate income tax form, showing a tax due in the amount of $175,489.72. The amount due was paid, together with interest of $1,316.17, which the plaintiff computed as the interest due on one-half of the tax shown to be due by the return, for the period November 15, 1958, to the date of payment.

Subsequently, the Commissioner of Internal Revenue determined that interest was due on the entire amount for this period, and, therefore, assessed additional interest against taxpayer in the amount of $1,316.18, which plaintiff paid and is now seeking to recover after its claim for refund was disallowed.

Under the provisions of sections 6081, 6152, and 6601 of the Internal Revenue Code of 1954 [26 U.S.C. §§ 6081, 6152, 6601 (1962)], a corporation may elect to pay its tax in two equal installments and no interest is due on either installment, if paid on time. In the instant case, if such an election was made [1] the first installment would have been due on November 15, 1958, and the second would have been due on February 15, 1959.

Plaintiff argues that had it declared the entire tax due on its Form 7004, and paid one-half of such amount at that time and one-half on February 15, 1959, no interest would have been due on either installment; therefore, by paying its entire tax on February 15, it was only late with the first payment, and thus interest should be limited to only that installment. Although this argument is plausible on its face, we must reject it in view of the provisions of section 6601(c) (2) (B) of the Internal Revenue Code of 1954, which reads:

"The last date prescribed for payment of the first installment shall be deemed the last date prescribed for payment of any portion of the tax not shown on the return."

Now November 15, 1958, was the last date for the payment of the first installment; therefore, any tax not shown on the taxpayer's return was payable on that

[1]. Under section 1.6152–1(a) (ii) of the Treasury Regulations on Income Tax [26 C.F.R. § 1.6152.1(a) (ii)], a corporation is considered to have made an election to pay its income tax in installments if it files Form 7004, an application for an automatic three months' extension of time to file its tax return, "and pays 50 percent of the unpaid amount of the tax at such time."

date and, if not paid at that time would draw interest from that date. If Form 7004 is a "return," as used in the above section, then the entire tax was due on November 15, and draws interest from that date, since on this form no tax was shown to be due.

■■ We must hold that the word "return" does encompass Form 7004 for the purposes of this section. A "return" is the taxpayer's statement of the amount of tax it thinks it owes. Form 7004 was primarily on application for an extension of time, but in it the taxpayer was required to state, and did state, the amount of tax it thought it owed. This was a material statement because the taxpayer was required to pay one-half of this tax at the time it filed Form 7004. It, therefore, would seem that, in addition to being an application for an extension of time, it was also a "return" of the amount of tax it estimated it was due to pay. To hold otherwise, would be to favor a taxpayer filing a Form 7004 over one filing Form 1120, its normal income tax return, in which an election to pay in installments could be made, and who mistakenly underestimates its tax. The latter would have to pay interest on the entire deficiency, while the former would not. Nothing has been brought to our attention to indicate that Congress had such an intention.

■ Therefore, as plaintiff disclosed none of the $175,489.72 tax due on its request for extension, it is subject to a 6 percent interest payment on the full amount from November 15, 1958, to the date of payment.

The result in this case is in agreement with the recent decision of P. Lorillard Co. v. United States, D.C., 226 F.Supp. 694 (1964), aff'd per curiam, 338 F.Supp. 499, 2d Cir., Nov. 24, 1964.

Plaintiff's petition is dismissed.