Whitaker, Senior Judge,
delivered the opinion of the court:
This is a corporate taxpayer’s action to recover one-half of the interest assessed by the Commissioner of Internal Revenue in connection with its corporate income tax return for its fiscal year ending August 31,1958.
On or about November 12,1958, the plaintiff filed with the District Director of Internal Revenue Service, Form 7004, “Application for Automatic Extension of Time to File U.S. Corporation Income Tax Return,” requesting an extension of three months for filing its completed income tax return, normally due on November 15. The reason advanced by the plaintiff for applying for an extension was stated on the application to be that “Taxpayer is unable to gather sufficient data to file a complete and accurate return by time return is due, and many provisions of new tax law require further study.” The plaintiff, on the same form, estimated its tax for the taxable year September 1, 1957, to August 31, 1958, to be “None,” and, accordingly, reported as balance due “None,” and as amount of remittance “None.”
On February 15, 1959, the plaintiff mailed to the District Director for filing, Treasury Form 1120, the normal corporate income tax form, showing a tax due in the amount of $175,489.72. The amount due was paid, together with interest of $1,316.17, which the plaintiff computed as the interest due on one-half of the tax shown to be due by the return, for the period November 15, 1958, to the date of payment.
*516 Subsequently, the Commissioner of Internal Revenue determined that interest was due on the entire amount for this period, and, therefore, assessed additional interest against taxpayer in the amount of $1,316.18, which plaintiff paid and is now seeking to recover after its claim for refund was disallowed.
Under the provisions of sections 6081, 6152, and 6601 of the Internal Revenue Code of 1951 [26 U.S.C. §§ 6081, 6152, 6601 (1958)], a corporation may elect to pay its tax in two equal installments and no interest is due on either installment, if paid on time. In the instant case, if such an election was made,[1] the first installment would have been due on November 15, 1958, and the second would have been due on February 15, 1959.
Plaintiff argues that had it declared the entire tax due on its Form 7004, and paid one-half of such amount at that time and one-half on February 15, 1959, no interest would have been due on either installment; therefore, by paying its entire tax on February 15, it was only late with the first payment, and thus interest should be limited to only that installment. Although this argument is plausible on its face, we must reject it in view of the provisions of section 6601 (c) (2) (B) of the Internal Revenue Code of 1954, which reads:
The last date prescribed for payment of the first installment shall be deemed the last date prescribed for' payment of any portion of the tax not shown on the return.
Now November 15,1958, was the last date for the payment of the first installment; therefore, any tax not shown on the taxpayer’s return was payable on that date and, if not paid at that time, would draw interest from that date. If Form 7004 is a “return,” as used in the above section, then the entire tax was due on November 15, and draws interest from that date, since on this form no tax was shown to be due.'
*517 We must bold that the word “return” does encompass Form 7004 for the purposes of this section. A “return” is the taxpayer’s statement of the amount of tax it thinks it owes. Form 7004 was primarily an application for an extension of time, but in it the taxpayer was required to state, and did state, the amount of tax it thought it owed. This was a material statement because the taxpayer was required to pay one-half of this tax at the time it filed Form 7004. It, therefore, would seem that, in addition to being an application for an extension of time, it was also a “return” of the amount of tax it estimated it was due to pay. To hold otherwise, would be to favor a taxpayer filing a Form 7004 over one filing Form 1120, its normal income tax return, in which an election to pay in installments could be made, and who mistakenly underestimates its tax. The latter would have to pay interest on the entire deficiency, while the former would not. Nothing has been brought to our attention to indicate that Congress had such an intention.
Therefore, as plaintiff disclosed none of the $175,489.72 tax due on its request for extension, it is subject to a 6 percent interest payment on the full amount from November 15,1958, to the date of payment.
The result in this case is in agreement with the recent decision of P. Lorillard Co. v. United States, 226 F. Supp. 694 (1964), aff'd per curiam, No. 28935, 2d Cir., Nov. 24, 1964.
Plaintiff’s petition is dismissed.
FINDINGS OP FACT
The court, having considered the evidence, the report of Trial Commissioner Franklin M. Stone, and the briefs of counsel, makes findings of fact as follows:
1. The plaintiff, Hayden Publishing Co., Inc. (hereinafter sometimes referred to as “taxpayer”), is a corporation organized and existing under and by virtue of the laws of the State of New York, and its principal office is located at 850 Third Avenue, New York, New York.
2. The plaintiff files its corporate income tax return on a fiscal year basis for the period ending on August 31 of each year.
*518 3. This action was filed by the plaintiff to recover interest in the amount of $1,316.18, paid by plaintiff in connection with its corporate income tax return for its fiscal year ending August 31, 1958. There is no dispute between the parties as to the amount of money paid by plaintiff. Accordingly, if the court concludes as a matter of law that the plaintiff is entitled to recover, the amount due plaintiff is $1,316.18, plus interest thereon as allowed by law.
4. (a) On or about November 12, 1958, the plaintiff executed and filed with the District Director of the Internal Eevenue Service, Upper Manhattan District, New York City, New York (hereinafter referred to as the “District Director”), Form 7004, entitled “Application for Automatic Extension of Time to file U.S. Corporation Income Tax Return,” requesting “an automatic extension of three months for filing its completed income tax return in accordance with Sec. 6081 (b) of the Internal Revenue Code of 1954.”[2]
(b) The reason advanced by the plaintiff for making application for an automatic extension of three months was stated on said application (Form 7004) to be that “Taxpayer is unable to gather sufficient data to file a complete and accurate return by time return is due, and many provisions of new tax law require further study.”
(c) On said application (Form 7004), the plaintiff estimated its tax for the taxable year September 1, 1957, to August 31, 1958, to be “None”, and, accordingly, reported as balance due “None”, and as amount of remittance “None”.
5. On February 15, 1959, the plaintiff mailed to the District Director, for filing, Form 1120, entitled “U.S. Corporation Income Tax Return” for taxpayer’s fiscal year ended August 31, 1958, which form was received in the office of the District Director on February 16, 1959. The said return form showed a tax due in the amount of $175,489.72, which amount was paid with the filing of the return.
*519 6. The plaintiff, with its income tax return (Form 1120 mentioned in Finding 5, supra), paid the tax shown thereon to be due, together with interest of $1,316.17, which the plaintiff computed to be interest due on one-half of the tax shown to be due by the return for the period from November 15, 1958, to the date of payment.
7. Subsequent to the time the plaintiff filed its corporate income tax return involved herein, the Commissioner of Internal Revenue (hereinafter referred to as the “Commissioner”) determined that the interest due with the return amounted to $2',632.35. That amount was arrived at by computing interest on the entire amount of the tax shown to he due on the income tax return as filed for the period November 15, 1958, to the date of payment, rather than on one-lialf thereof. The determination made by the Commissioner was based upon his conclusion that the plaintiff had not elected to pay its tax in installments as provided by Section 6152(a)(1)(B) of the Internal Revenue Code of 1954.[3]
8. On the basis of the position taken and determination made by, the Commissioner, the Internal Revenue Service assessed the plaintiff additional interest in the amount of $1,361.18.
9. On April 24, 1959, the plaintiff paid the additional interest assessment in the amount of $1,361.18.
10. On or about September 16, 1960, the plaintiff filed in the office of the District Director, a claim on Form 843, dated September 8,1960, for a refund of the additional interest in the amount of $1,316.18 which plaintiff had paid, with a supporting statement attached which reads as follows:
FACTS
Hayden Publishing Co., Inc. is a domestic corporation which files its returns on a fiscal year ending August 31. *520 For the .year ended August 31,1958, Form 7004 was executed on November 12,1958 by W. K. Wallace of W. K. Wallace & Co., duly enrolled to practice before the Treasury Department, providing for automatic extension of 3 months for filing the completed return for the taxable year. The estimated tax was shown as “none”, the balance due was shown as “none”, and the amount of remittance was shown as “none”;
On February 16, 1959, the taxpayer filed its returns for the preceding taxable year which disclosed an unpaid balance of tax in the amount of $175,489.72. Taxpayer paid the amount with its return, together with interest of $1,816.17. The interest was computed on the 50 percent installment of $87,744.86 which was due November 15,1958, for the period to February 16,1959.
Internal Revenue Service assessed interest in the amount of $2,632.35, computed on the basis of the full unpaid tax of $175,489.72 for the period November 15, 1958 to February 16,1959, on the grounds that taxpayer had not elected to pay the tax in installments as provided by Sec. 6152(a)(1)(B). Taxpayer thereupon paid the balance so assessed, $1,316.18, on May 23, 1959, which forms the basis for this refund claim.
APPLICABLE LAW
The general rule is that the tax shall be paid at the time and place fixed for filing the return (determined without regard to any extension of time for filing the return) (Sec. 6151).
However, in any case in which a tax is required to be paid on or before a certain date, or within a certain period, any reference in this title to the date fixed for payment of such tax shall be deemed a reference to the last date fixed for such payment (determined without regard to any extension of time for paying the tax) (Sec. 6151(c)).
A corporation may elect to pay the unpaid amount of the taxes in two equal installments (Sec. 6152(a)(1) (B)). The first installment shall be paid on the date prescribed for the payment of the tax, and the second installment shall be paid on or before 3 months after such date (Sec. 6152(b)(2); Regs. Sec. 1.6152-1 (a)).
A corporation shall be considered to have made an election to pay its tax in installments if (i) it files its income tax return on or before the date prescribed therefor (determined without regard to any extension of time) and pays 50 percent of the unpaid amount of the *521 tax at such time, or (ii) it files an application on Form 7004 for an automatic extension of time to file its income tax return, as provided in Eegs. Sec. 1.6081-3, and pays 50 percent of the unpaid amount of that tax at such time (Eegs. Sec. 1.6152-1 (a) (2)).
In the case of unpaid taxes interest at 6 percent per annum is to be paid from the last date prescribed for payment until the date paid (Sec. 6601(a)). In the case of an election under Sec. 6152(a) to pay the tax in installments the last date prescribed for payment is (A) the date prescribed for payment of each installment of the tax shown on the return as determined under Sec. 6152(b), and (B) the last date prescribed for payment of the first installment shall be deemed the last date prescribed for payment of any portion of the tax not shown on the return (Sec. 6601 (c) (2)).
Interest shall be assessed, collected and paid in the same manner as taxes (Sec. 6601(f)). It follows that refund of such interest shall be claimed in the same manner as taxes. • ■
The instructions accompanying Form 7004 state: “Interest at the rate of 6 percent per annum will be due on any amount by which the correct first installment exceeds the estimated installment. Interest accrues from the original due date for filing the corporate return to the date of payment of the difference”.
ARGUMENT
It should be clear with respect to the form of election that the requirement for payment of 50 percent of the “unpaid amount of the tax” in the case of filing Form 7004 refers to the amount of the tax as shown on Form 7004. It cannot conceivably refer to the amount of tax shown on the return as filed thereafter, for under such an interpretation the taxpayer would not be deemed to have made a proper election unless he guessed the correct amount of the tax, or alternatively was fortunate enough to have paid an amount in excess of 50 percent thereof.
Since 50 percent of zero is zero, the taxpayer has not violated the provisions of the regulations. To hold that the taxpayer has not affirmatively made an election because he did not declare any amount of tax, however erroneous, is a frivolous exercise of discretion on the part of the Commissioner.
Although it seems unnecessary to pursue this further, the taxpayer includes the following alternative as pro *522 tective. The regulations are silent as to the method of election in case of an estimated tax of zero on Form 7004. Neither the Code nor the regulations prescribe any time limit in such cases for the making of the election. Accordingly, the taxpayer hereby elects to pay the unpaid balance of the tax for the fiscal year ended August 31.1958 in installments as provided by Sec. 6152 (a)(1)(b).
11. By registered mail notice, dated February 27, 1961, the District Director notified the plaintiff, in accordance with the provisions of existing internal revenue laws, of dis-allowance in full of its claim for refund of $1,316.18.
12. Other than the notice of disallowance of the plaintiff’s claim for refund given to it by the District Director (as set forth in Finding 11, supra), no action on plaintiff’s claim has been taken by the Congress or any Department or Agency of the United States Government, nor in any judicial proceeding, including a proceeding in the Tax Court of the United States. Plaintiff is the owner of the claim herein asserted. No assignment or transfer of the claim, nor any part thereof or interest therein, has heretofore been made by plaintiff.
CONCLUSION OF LAW
Upon the foregoing findings of fact, which are made a part of the judgment herein, the court concludes as a matter of law that the plaintiff is not entitled to recover, and the petition is dismissed.

 under section 1:6152-1 (a) (ii) of the Treasury Regulations on Income Tax [26 C.F.R. § 1.6152.1(a) (ii) J, a corporation is considered to have made an election to pay its income tax in installments if it files Form 7004, an application for an automatic three months’ extension of time to file its tax return, “and pays 50 percent of the unpaid amount of the tax at such time.”

 Section 6081(b) (Title 26 U.S.C. (1968)), reads in pertinent part:
(b) Automatic extension for corporation income tax returns.
An extension of 3 months for the filing of the return of income taxes imposed by subtitle A shall be allowed any corporation if, in such manner and at such time as the Secretary * * * may by regulations prescribe, there is filed on behalf of such corporation the form [Form 7004] prescribed by the Secretary * * *.

 Section 6152 (Title 26 U.S.C. (1958)) rends in pertinent part:
Installment Payments.
(a) Privilege to elect to make installment payments.
(1)' Corporations.
A corporation subject to the taxes imposed by chapter 1 may elect to pay the unpaid amount of such taxes in installments as follows:
*****
(B) with respect to taxable years ending on or after December 31, 1954, two equal installments.